J. S67045/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAUN FITZGERALD, | : | |
| | : | |
| Appellant | : | No. 1129 WDA 2014 |

Appeal from the Judgment of Sentence July 1, 2014
In the Court of Common Pleas of Fayette County
Criminal Division No(s).: CP-26-CR-0001227-2012

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:  **FILED DECEMBER 11, 2014**

Appellant, Shaun Fitzgerald, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas following his guilty plea to rape of a child.[1]  He avers: (1) the lifetime registration requirement of the Pennsylvania Sexual Offender Registration and Notification Act [2] ("SORNA") is unconstitutional because the statutory maximum sentence for rape of a child is twenty years; and (2) his sentence of six to twenty years'

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(c).

[2] 42 Pa.C.S. §§ 9799.10-9799.41.

imprisonment was excessive.[3]  We affirm.

On April 8, 2014, Appellant entered an open guilty plea to rape of a child, statutory sexual assault, corruption of minors,[4] and two counts each of involuntary deviate sexual intercourse, aggravated indecent assault, and indecent assault.[5]  On July 1, 2014, the trial court imposed a sentence of six to twenty years' imprisonment for rape of a child.  The court found Appellant was not a sexually violent predator, but ordered him to comply with lifetime registration under Section 9799.23 of SORNA.

Appellant filed a timely post-sentence motion, arguing his sentence was "excessive in view of the circumstances surrounding this matter," "a lighter sentence would be sufficient for any rehabilitative needs," and his "sentence of a life time registration is unconstitutional" because it "exceeds the statutory maximum penalty for [his] offense."  Appellant's Post-Sentence

---

[3] The certified record did not include the July 1, 2014 sentencing transcript, which we deem is necessary for our review of Appellant's sentencing issues. Upon informal inquiry by this Court, the trial court provided that transcript as a supplemental record.  We remind Appellant's counsel, "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty."  *See* ***Commonwealth v. B.D.G.***, 959 A.2d 362, 372 (Pa. Super. 2008) (citations omitted).

[4] 18 Pa.C.S. §§ 3122.1(a), 6301(a)(1)(ii).

[5] 18 Pa.C.S. §§ 3123(a)(7), (b), 3125(a)(7), (8), 3126(a)(7), (8).  The victim in this case was eleven years old.

Mot. for Modification of Sentence, 7/3/14, at ¶¶ 3-5.  The court denied the motion and Appellant took this timely appeal.

Appellant's first claim is that SORNA is unconstitutional because the lifetime "registration requirement is beyond the statutory maximum sentence for the crime that [he] entered his plea."  Appellant's Brief at 9.  Appellant avers that this "extensive registration period constitutes an unusual punishment as barred by both the Pennsylvania Constitution and the United States Constitution."  *Id.*  Appellant also reasons,

> It has been suggested that the registration requirements of SORNA, and previous versions of Megan's Law, are actually civil penalties.  If that is the case, then the court should not be imposing the requirements at the time of sentencing," because the restrictions "can also result in criminal penalties . . . if the defendant does not.

*Id.*  Appellant then relies on ***Commonwealth v. Williams***, 832 A.2d 962 (Pa. 2003),[6] for the proposition that "penalties for lifetime registration with potential for lifetime imprisonment were manifestly in excess of what was needed to ensure compliance."  Appellant's Brief at 10.  We find no relief is due.

We find the Superior Court's recent decision in ***Commonwealth v. McDonough***, 96 A.3d 1067 (Pa. Super. 2014), controls our analysis.  The trial court opinion relies on and extensively cites ***McDonough*** in support of

---

[6] While providing the citation for ***Williams***, 832 A.2d 962, Appellant states the case's name as "***Commonwealth v. Gommer***."  Appellant's Brief at 10.

its denial of Appellant's claim. Trial Ct. Op., 6/29/14, at 3-4. We note that Appellant's counsel, Deanna Lyn Fahringer, Esq. ("Counsel"),[7] is from the same office as the defendant/appellant's attorney in **McDonough**—the Fayette County Public Defender's Office. Counsel now raises issues identical to those in **McDonough**—which this Court rejected. Despite the Fayette County Public Defender Office's involvement in the **McDonough** case and the trial court's discussion of **McDonough**, Counsel makes no mention of that decision in the instant appellate brief. We remind Counsel that the argument in an appellate brief shall include "discussion and citation of authorities as are deemed pertinent."[8] **See** Pa.R.A.P. 2119(a).

We now review the **McDonough** decision. This Court summarized,

> On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. § 16901[.] Section 9799.14 of SORNA establishes a three-tiered system of specifically enumerated offenses requiring registration for sexual offenders for differing lengths of time. Pursuant to section 9799.15(a)(1), a person convicted of a Tier I offense . . . must register for 15 years. A Tier II offender must register for 25 years, while a Tier III offender must register for the remainder of his or her life. 42 Pa.C.S. § 9799.15(a)(2), (a)(3).

---

[7] Counsel represented Appellant at the plea hearing as well.

[8] Although the defendant in **McDonough** sought allowance for appeal with our Supreme Court on July 31, 2014, a Superior Court "decision remains binding precedent as long as the decision had not been overturned by our Supreme Court." **See In re S.T.S.**, 76 A.3d 24, 44 (Pa. Super. 2013), *appeal denied*, 91 A.3d 163 (Pa. 2014).

*McDonough*, 96 A.3d at 1070 (some citations omitted).

In *McDonough*, the defendant, who was not found to be a sexually violent predator, was convicted of a "Tier I" offense and ordered to register for fifteen years. *Id.* at 1068, 1070, 1071. On appeal, he argued "it is unconstitutional and illegal to require an individual to register as a sex offender for 15 years for a crime that carries a maximum penalty of only two years in prison[ and] that the registration requirements of SORNA and its predecessor statute, Megan's Law,[ ] are not civil in nature because they impose restrictions and requirements which, if violated, can result in imprisonment." *Id.* at 1070. The defendant also relied on *Williams*, 832 A.2d 962, "to support his argument that requiring an individual to register for many years longer than the maximum penalty of the crime itself is excessive and the registration provisions should be struck down as unconstitutional punishment under the state and federal constitutions." *McDonough*, 96 A.3d at 1070.

This Court disagreed. We first noted,

> In *Williams*, our Supreme Court was asked to decide whether certain provisions of Megan's Law II were constitutional as it applied to sexually violent predators (SVP's). The *Williams* Court specifically held that the registration, notification, and counseling provisions of Megan's Law II, to offenders deemed to be SVP's, were non-punitive, regulatory measures supporting a legitimate governmental purpose. However, the Court did find that the prescribed penalties that attach to SVP's for failure to register and verify their residence were unconstitutionally punitive and, therefore, invalidated those provisions.

***McDonough***, 96 A.3d at 1070-71 (citations omitted). This Court then considered the Pennsylvania Supreme Court's discussion in ***Commonwealth v. Gaffney***, 733 A.2d 616 (Pa. 1999):

> Because we do not view the registration requirements as punitive but, rather, remedial, **we do not perceive mandating compliance by offenders who have served their maximum term to be improper**. Furthermore, the fact that an offender may be held until such information is furnished is no different from confining someone in a civil contempt proceeding. While any imprisonment, of course, has punitive and deterrent effects, it must be viewed as remedial if release is conditioned upon one's willingness to comply with a particular mandate.

***McDonough***, 96 A.3d at 1071 (quoting ***Gaffney***, 733 A.2d at 622). The ***McDonough*** court also referred to ***Commonwealth v. Benner***, 853 A.2d 1068 (Pa. Super. 2004):

> The registration provisions of Megan's Law do not constitute criminal punishment. The registration requirement is properly characterized as a collateral consequence of the defendant's plea, as it cannot be considered to have a definite, immediate and largely automatic effect on a defendant's punishment.
>
> \* \* \*
>
> Because the registration requirements under Megan's Law impose only collateral consequences of the actual sentence, their application is not limited by the factors that control the imposition of sentence. T hus, while a defendant may be subject to conviction only under statutes in effect on the date of his acts, and sentence configuration under the guidelines in effect on that same date, the application of the registration requirements under Megan's Law is not so limited. This is so due to the collateral nature of the registration requirement.

*McDonough*, 96 A.3d at 1071 (quoting *Benner*, 853 A.2d at 1070-71). The *McDonough* Court then held: "While *Gaffney* and *Benner* were decided prior to the effective date of SORNA, the same principles behind the registration requirements for sexual offenders under Megan's Law apply to those subject to SORNA. Namely, to effectuate, through remedial legislation, the non-punitive goal of public safety." *McDonough*, 96 A.3d at 1071. The court thus rejected the defendant's claim that SORNA was unconstitutional. *Id.*

As stated above, Appellant advances identical arguments in the case *sub judice*. We agree with the trial court that find *McDonough* is directly on point. Accordingly, we find no relief due on this claim.

Appellant's second claim on appeal is that his sentence of six to twenty years' imprisonment was excessive. The sole legal authority cited is as follows: "The general principle underlying the imposition of sentence calls for the balancing of public protection, the gravity of the offense and, particularly, the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b); *Commonwealth v. Ennis*, 574 A.2d 1116 (Pa. Super. 1990)." Appellant's Brief at 10. Appellant maintains that he "came forward and admitted the crimes for which he was charged," explained to police that the victim asked him "for a 'blow-job' because [the victim] wanted to see what it felt like," he performed the sexual act on the victim but stopped when the victim told him to stop, he immediately felt remorse, and he had no prior

criminal record. *Id.* at 10-11. We find no relief is due.

Appellant's claim goes to the discretionary aspects of his sentence.[9] "The right to appeal the discretionary aspects of a sentence is not absolute." *Shugars*, 895 A.2d at 1274. "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." *Id.* (citation omitted). In addition,

> "[a]n appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate 'the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.'" We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists.

*Id.* (citations omitted). Finally, a "claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense . . . presents a substantial question for our review." *Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014).

In the case *sub judice*, Appellant has preserved his claim for appeal, as

---

[9] "[A] guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his . . . sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction[.]" *Commonwealth v. Shugars*, 895 A.2d 1270, 1274 n.5 (Pa. Super. 2006) (citation omitted). However, when a defendant enters an open plea agreement, he "will not be precluded from appealing the discretionary aspects of the sentence." *Id.* In the instant case, Appellant entered an open guilty plea with no agreement as to sentence.

he had argued in his post-sentence motion that his sentence was excessive and "a lighter sentence would be sufficient for any rehabilitative needs." *See* Appellant's Post-Sentence Mot. at ¶¶ 3-4. Counsel, however, has not included a separate Rule 2119(f) statement in the appellate brief. Nevertheless, because the Commonwealth has not objected to this deficiency and we may discern the gist of Appellant's claim, we decline to find waiver on the lack of a 2119(f) statement.[10] *See Shugars*, 895 A.2d at 1274. Finally, Appellant's claim, that the court did not properly consider the circumstances of this case and his rehabilitative needs, presents a substantial question invoking our review. *See Dodge*, 77 A.3d at 1273.

"Having concluded that Appellant has posited substantial questions for our review, we proceed to examine the merits of his sentencing challenges. 'In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard.'" *Id.* (citation omitted).

At the plea hearing, the Commonwealth alleged that Appellant "performed oral sex on the child who . . . was 11," "off of Main Street . . . under the bridge by the Catholic War Veterans." N.T. Plea Proceedings,

---

[10] "[W]e disapprove of Appellant's failure to indicate where his sentences fell in the sentencing guidelines and what provision of the sentencing code was violated." *Dodge*, 77 A.3d at 1271. However, again because the Commonwealth has not objected to the adequacy of Appellant's argument, we decline to find waiver on this defect. *See id.*

4/8/14, at 5. Appellant agreed with this recitation. *Id.* In its opinion, the trial court stated it

> considered, at sentencing, the nature of the offenses, the number of offenses to which Appellant entered pleas of guilty, the pre-sentence report prepared . . . Appellant's rehabilitative needs and the gravity of the offenses. [It] also stated on the record that [it] believed that a lesser sentence would depreciate the seriousness of these crimes and that Appellant was in need of correctional treatment that can be provided most effectively by his commitment to an institution.

Trial Ct. Op. at 5 (citing N.T. Sentencing, 7/1/14, at 6).

A review of the sentencing transcript supports the trial court's reasoning. At the sentencing hearing, Attorney Fahringer requested as sentence in the mitigated range, arguing Appellant had no prior record score, did not employ force in the underlying offense, "was very cooperative with [police] and admitted to the alleged offense." N.T. Sentencing, 7/1/14, at 2-3. The trial court responded that its sentence, of six to twenty years' imprisonment, was "at the top of the mitigated range[ but] also the bottom of the standard range." *Id.* at 3. These statements indicate the court's awareness and consideration of the factors Appellant now advances on appeal. Accordingly, we find no relief due on his claim and do not find the trial court abused its discretion in imposing the sentence of six to twenty years for Appellant's rape of a child conviction.

Judgment of sentence affirmed.

J. S67045/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2014