J-S57024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WALDEMAR RIVERA | |
| Appellant | No. 3441 EDA 2014 |

Appeal from the Judgment of Sentence October 13, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001201-2014

BEFORE:  MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 12, 2015**

Waldemar Rivera appeals the judgment of sentence entered October 13, 2014, in the Lehigh County Court of Common Pleas.  On October 13, 2014, the trial court imposed a sentence of eight to 20 years' imprisonment following Rivera's guilty plea to one count of statutory sexual assault.[1]  On appeal, Rivera challenges only the discretionary aspects of his sentence.  For the reasons that follow, we affirm the judgment of sentence.

The facts underlying Rivera's plea were summarized at his guilty plea hearing as follows:

> [T]his incident occurred on January 20[th] of [2014].  The victim is [B.C.], who was 14 years old at the time of the incident.

---

[1] 18 Pa.C.S. § 3122.1(b).

[Rivera] was 28 years old at the time of the incident. [Rivera] was … a family member. …

A relative, staying at … [the victim's] address.

At some point in the evening of January 20th [Rivera] engaged in a conversation with [the victim] which culminated with [Rivera] pulling his pants down and [the victim] performing oral sex on [him].

Three days later [the victim] was interviewed by the child interview specialist where she disclosed what happened.

The next day [Rivera] was interviewed by the police at headquarters where [he] acknowledged that his penis was in [the victim's] mouth.

He did minimize the event indicating it was there for only five seconds. He also acknowledged that he told [the victim] not to tell anyone because she was a minor and he knew that he could get in trouble.

N.T., 7/7/2014, at 4-5.

Rivera was arrested and charged with involuntary deviate sexual intercourse, statutory sexual assault, and sexual assault.[2] On July 7, 2014, he entered a guilty plea to one count of statutory sexual assault, in exchange for which the Commonwealth withdrew the remaining charges. On October 10, 2014, prior to sentencing, Rivera filed a motion to withdraw his plea, asserting his innocence. However, just prior to this sentencing hearing on October 13, 2014, he withdrew the motion. Rivera was subsequently sentenced to a term of eight to 20 years' imprisonment, which

_____

[2] 18 Pa.C.S. §§ 3123(a)(7), 3122.1(b), and 3124.1, respectively.

fell above the aggravated range of the sentencing guidelines.[3] Rivera filed a timely post-sentence motion seeking reconsideration of his sentence, which the trial court denied on October 29, 2014. This timely appeal followed.[4]

Rivera's sole issue on appeal challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

_____

[3] Prior to sentencing, the trial court ordered Rivera to undergo an assessment by the Sexual Offenders Assessment Board ("SOAB") to determine if he met the criteria for classification as a sexually violent predator under the Sexual Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.14. The SOAB evaluator determined Rivera did **not** meet the criteria for classification as a sexually violent predator.

[4] On December 2, 2014, the trial court ordered Rivera to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Rivera complied with the court's directive, and filed a concise statement on December 22, 2014.

Rivera complied with the procedural requirements for this appeal by filing a post-sentence motion for reconsideration of sentence and a timely notice of appeal. Moreover, counsel included in the brief before this Court a statement of reasons relied upon for appeal pursuant to **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, we must consider whether Rivera raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Ventura**, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). Here, Rivera contends the trial court imposed a sentence outside the guideline ranges without providing sufficient reasons on the record for doing so, without properly considering mitigating factors, and by relying on factors already considered in the sentencing guidelines. These claims raise a substantial question for our review. **See** 42 Pa.C.S. § 9781(c)(3) (stating appellate court "shall vacate the sentence and remand the case to the sentencing court with instructions if it finds … the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable."); **Commonwealth v. Bowen**, 55 A.3d 1254, 1263 (Pa. Super. 2012) (finding substantial question when "appellant alleges the

- 4 -

sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances") (citation omitted), *appeal denied*, 64 A.3d 630 (Pa. 2013); **Commonwealth v. Shugars**, 895 A.2d 1270, 1274 (Pa. Super. 2006) (finding substantial question when appellant argues "his sentence is excessive because the sentencing court relied on 'impermissible factors.'").

When reviewing a challenge to a sentence imposed outside the guideline ranges:

> We look, at a minimum, for an indication on the record that the sentencing court understood the suggested sentencing range. When the court so indicates, it may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as the court also states of record "the factual basis and specific reasons which compelled him to deviate from the guideline range."
>
> In evaluating a claim of this type, an appellate court must remember that the sentencing guidelines are merely advisory, and the sentencing court may sentence a defendant outside of the guidelines so long as it places its reasons for the deviation on the record. "**Our Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable, we must affirm a sentence that falls outside those guidelines.**…"

**Commonwealth v. Mouzon**, 828 A.2d 1126, 1128 (Pa. Super. 2003) (internal citations omitted and emphasis supplied). **See also Commonwealth v. Walls**, 926 A.2d 957, 964-964 (Pa. 2007) (reaffirming

that sentencing guidelines "have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors").

Furthermore, when considering any challenge to the discretionary aspects of a sentenced, we are mindful that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

Here, our review of the sentencing transcript reveals the trial court considered both the presentence investigation report and the SOAB assessment before imposing sentence. N.T., 10/13/2014, at 4. The court acknowledged that Rivera had a prior record score of zero, and, therefore, the standard guideline range called for a minimum sentence of 12 to 24 months' imprisonment. *Id.* at 4-5. The trial court also reviewed letters submitted by the victim and her mother, which stated both the victim and her younger sister were admitted to a psychiatric hospital following the incident, and the victim continues to receive treatment, as she suffers from depression and experiences nightmares. *See id.* at 6-13.

During the hearing, the court was particularly concerned by Rivera's insistence, even after his plea, that the victim initiated the sexual contact.

*See id.* at 17 ("Unbelievable that you still don't get it, that a child doesn't consent. She's a child. You are more than double her age.").[5] After considering defense counsel's argument that Rivera had a "disconnect" or different "perspective" regarding the significance of the victim's age, the trial court made the following comments:

> Well, that's a good way to put it. I'd say that he knew full well, perspective issues or not, because he told her not to say anything because he could get into trouble.
>
> And I'm not going to, you know – the law is that at her age she can't consent to that. So I find it one of the most offensive defenses a person in your position can raise, that it was the fault of the child. Despicable.
>
> The sentence will be beyond the aggravated range as [Rivera] expresses no remorse, takes no responsibility, was in a position of trust as a family member to the victim, and as a result of [Rivera's] actions the victim has suffered great harm for which she still requires intervention.

*Id.* at 17-18. Thereafter, the court imposed a sentence of not less than eight, nor more than 20 years' imprisonment.

Accordingly, we conclude the trial court provided several reasons on the record for its decision to impose a sentence above the aggravated range of the sentencing guidelines, namely, (1) Rivera's lack of remorse, (2) Rivera's failure to fully accept responsibility for his actions, (3) Rivera's position of trust with the family, and (4) the harm suffered by the victim. *See* Order, 10/28/2014, at 3. Therefore, his argument to the contrary fails.

---

[5] At the time of the offense, the victim was 14 years old and Rivera was 28 years old. *See* N.T., 7/7/2014, at 4.

Moreover, to the extent Rivera claims the court failed to consider mitigating factors, such as his lack of a prior record and his need for rehabilitation, we also find he is entitled to no relief.[6]  Where, as here, a trial court had the benefit of a pre-sentence investigation report, we will presume the trial court was "aware of all appropriate sentencing factors and considerations." **Commonwealth v. Downing**, 990 A.2d 788, 794 (Pa. Super. 2010) (citation omitted).  Moreover, in its order denying Rivera's motion for reconsideration of sentence, the court specifically stated it considered all relevant factors prior to imposing sentence, including, the "protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, the defendant's rehabilitative needs, and the sentencing guidelines." **See** Order, 10/28/2014, at 3, quoting 42 Pa.C.S. § 9721(b).

Lastly, Rivera contends the trial court improperly relied on factors already considered in the sentencing guidelines, namely "the age of the victim and [her] legal inability to consent to sexual contact[.]" Rivera's Brief at 15.  Accordingly, he contends, the trial court's reference to this fact as a reason to enhance his sentence constituted an "unjustified double enhancement." **Id.** at 16.  Again, we disagree.

_____

[6] Although Rivera contends his remorse was a mitigating factor, the trial court found Rivera lacked remorse for his actions since he continued to blame the victim for the incident.  **See** N.T., 10/13/2014, at 17-18.

This Court has explained:

"It is impermissible for a [trial] court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a sentence to the aggravated or mitigated range. Trial courts are permitted to use prior conviction history and other factors already included in the guidelines if, they are used to supplement other extraneous sentencing information."

*Shugars*, *supra*, 895 A.2d at 1275 (citation and emphasis omitted). Our review of the sentencing hearing reveals the trial court did not rely on the age of the victim and her inability to consent as the **sole reason** for imposing a sentence above the aggravated guidelines range. Rather, as noted above, the court considered this factor only the context of Rivera's failure to accept full responsibility for his actions. *See* N.T., 10/13/2014, at 16-17 (noting that in his presentence report, Rivera remarked "the victim is the one that jumped on [him].").[7] Because the victim's age and inability to consent was not the only factor the court relied upon in imposing an enhanced sentence, Rivera is entitled to no relief. *See Shugars*, *supra*, 895 A.2d at 1275 (concluding trial court did not abuse its discretion in considering defendant's prior criminal record as reason to enhance sentence

---

[7] We note that, despite Rivera's entry of a guilty plea, his version of the events in the presentence report demonstrate his unwillingness to take responsibility for his actions. *See* Presentence Investigation Report, 10/13/2014, at 3 (Rivera told the investigator the victim "jumped on [him] first[,]" stated the victim "never had my penis in her mouth[,]" and questioned why it took the victim three days to report the incident.).

because "it was merely just one factor among several that led to the increased sentence.").

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/12/2015