**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHNNY RAY LOGSDON, JR. | |
| Appellant | No. 1251 WDA 2015 |

Appeal from the Judgment of Sentence July 1, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000387-2013

BEFORE: PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.: **FILED MARCH 29, 2016**

Appellant, Johnny Ray Logsdon, Jr., appeals from the judgment of sentence entered on April 28, 2015 following the revocation of his probation. We affirm.

The certified record establishes the following factual and procedural history. On March 5, 2014, the trial court sentenced Appellant to five years' probation after accepting his guilty plea to one count of unauthorized use of an access device (18 Pa.C.S.A. § 4106(a)). While serving this probationary sentence, Appellant was convicted of new charges, including possession of a controlled substance (35 P.S. § 780-113(a)(16)) and presenting false identification to law enforcement officers (18 Pa.C.S.A. § 4914). The trial court found Appellant to be in violation of the terms of his probation and, on August 12, 2014, modified his probationary sentence to include 60 days'

*Retired Senior Judge assigned to the Superior Court.

incarceration in the Jefferson County Jail. Pursuant to the terms of the trial court's August 12, 2014 order, Appellant was to serve his sentence "beginning August 22 through August 24, 2014 and each weekend thereafter until his sentence [was] complete." Trial Court Order, 8/12/14.

On April 20, 2015, while on work release, Appellant tested positive for opiates in violation of the conditions of his probation and the terms of his work release. Because of this violation, the trial court, on July 1, 2015, docketed an order that revoked Appellant's probation and sentenced him to three and one-half to seven years' imprisonment in a state correctional facility, with credit for time served. Gagnon Order, 7/2/15. On July 15, 2015, Appellant filed a motion for reconsideration of his sentence, which the court denied on that same date. Appellant filed a notice of appeal on July 30, 2015.[1]

Appellant presents one issue for our review:

Whether the trial court abused its discretion when it revoked Appellant's probation and resentenced him to serve a sentence of incarceration in [a] [s]tate [c]orrectional [i]nstitution for a minimum of three and one-half (3½) years to a maximum of seven (7) years for [A]ppellant's violation of probation[?]

Appellant's Brief at 6.

_____

[1] On July 31, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(a). On August 11, 2015, Appellant filed his concise statement. The trial court issued its Rule 1925(a) opinion on September 25, 2015.

Appellant's lone issue challenges the discretionary aspects of his sentence.[2] *See Commonwealth v. Haynes*, 125 A.3d 800, 806 (Pa. Super. 2015). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.* As this Court has explained, in order to reach the merits of a discretionary aspects claim,

> [w]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

On July 30, 2015, Appellant filed a timely notice of appeal to the judgment of sentence issued on July 1, 2015. *See* Pa.R.A.P. 903(a) ("notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken"); Pa.R.Crim.P. 708(E) (motion to modify revocation sentence does not toll 30-day appeal period). In addition, Appellant included within his brief a

_____

[2] By now, it is well-settled that a challenge to the discretionary aspects of a revocation sentence represents a cognizable issue on appeal. *See Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*).

statement pursuant to Pa.R.A.P. 2119(f). Hence, Appellant satisfied the first and third prongs of the foregoing test.

The fourth prong of the foregoing test asks whether the appellant raises a substantial question as to whether his sentence is appropriate under the Sentencing Code. "An appellant must, pursuant to [Pa.R.A.P.] 2119(f), articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa. Super. 2006) (internal citations and quotations omitted). Whether a substantial question exists focuses "on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.*

In his Rule 2119(f) statement, Appellant argues that his sentence is unreasonable because it constituted too severe a punishment in light of the nature of his probation violation. Appellant also claims that the court's explanation for the sentence did not justify its severity. We read Appellant's contentions as alleging that the court failed to consider the sentencing factors delineated in 42 Pa.C.S.A. § 9721(b). As such, we hold that Appellant raises a substantial question. *See Cartrette*, 83 A.3d 1042-1043 (claim that trial court's sentence is inconsistent with gravity of probation violation, the need for public protection, or defendant's rehabilitative needs

- 4 -

is tantamount to assertion that sentencing court did not consider the appropriate sentencing factors delineated in 42 Pa.C.S. § 9721(b), which raises a substantial question).

We now consider the second prong of the foregoing test; *i.e.*, whether Appellant properly preserved his discretionary sentencing challenge before the trial court. In this case, Appellant failed to object to the discretionary aspects of his sentence at the July 1, 2015 resentencing hearing. *See* N.T., 7/1/15, at 2-4. However, on July 15, 2015, Appellant filed a post-sentence motion seeking modification of his sentence. The trial court denied the motion on that same date. Under Pa.R.Crim.P. 708(E), "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition." Pa.R.Crim.P. 708(E). Thus, Appellant's motion for modification was due on or before Monday, July 13, 2015. *See* 1 Pa.C.S.A. § 1908 (computation of time). Because Appellant did not seek modification of his sentence until July 15, 2015, his discretionary sentencing challenge is waived since his post-sentence motion was untimely and, therefore, was not properly preserved before the trial court. Nonetheless, even if we were to reach the merits of Appellant's discretionary sentencing claim, we conclude that he is not entitled to relief.

Appellant argues that his maximum sentence for a technical violation is manifestly unreasonable. Specifically, he claims that the trial court failed

to explain why a lesser sentence would not have been sufficient to vindicate the court's authority.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013) (citation omitted). The sentencing court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). In addition, in all cases where the court "resentences an offender following revocation of probation ..., the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.*

In its Rule 1925(a) opinion, the trial court offered the following explanation for imposing its sentence of three and one-half to seven years' total confinement following Appellant's probation violation.

> Pursuant to 42 Pa.C.S.A. § 9771(c), a sentence of total incarceration is warranted if it is deemed to be necessary to vindicate the authority of the court. As the [trial c]ourt stated on the record, that was the case here. [Appellant] was on work release – an opportunity many inmates do not enjoy – when he violated his probation by ingesting opiates. What he thereby accomplished was to convince the [c]ourt that he had no respect or concern for its authority. He had already violated his original probationary sentence and was serving weekends in the county jail because of it. That lesser penalty clearly did not make the

- 6 -

> desired impression, though. Something more was required. And something more is what the [c]ourt gave [Appellant] on July 1, 2015.
>
> As well as addressing the nature of the violation itself, the [trial c]ourt advised [Appellant] that it [] reviewed the presentence investigation report and [considered] his individual circumstances in fashioning his sentence. In doing so, [the trial court] adequately articulated its reasons for the sentence, which, incidentally, included the boot camp recommendation he requested.

Trial Court Opinion, 9/25/15, at 1-2.

We perceive no abuse of discretion in the sentence imposed by the trial court. Indeed, the record reflects that the court considered the sentencing code, the circumstances of Appellant's probation violation, a presentence investigation report, and the individual character of the offender. N.T., 7/1/15, at 3. Apart from boilerplate characterizations of the sentence as "harsh" and "excessive," Appellant does not challenge the factual findings rendered by the court or allege that the court overlooked or ignored relevant factors pertaining to the discretionary aspects of his sentence. Significantly, Appellant points to no evidence that the trial court harbored any bias, ill will, or prejudice towards him. We also bear in mind that the court confronted a situation in which Appellant committed a second probation violation. As the trial court determined, Appellant's repeat violation manifested a direct affront to the court's authority and demonstrated Appellant's inability or unwillingness to refrain from criminal activity, even while under judicial supervision. In such circumstances, we

see no grounds for finding an abuse of discretion that allows us to disturb the trial court's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2016