**COMMONWEALTH of Pennsylvania,**

v.

**Leonard SHUGARS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 5, 2005.

Filed March 24, 2006.

---

Douglas J. Garber, Public Defender, Smethport, for appellant.

John H. Pavlock, Asst. Dist. Atty., Smethport, for Com., appellee.

BEFORE: HUDOCK, PANELLA, and TAMILIA, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Leonard Shugars, appeals from the judgment of sentence entered on August 26, 2004, by the Honorable Robert L. Wolfe, Court of Common Pleas of McKean County. After careful review, we affirm.

¶ 2 On September 12, 2003, after reaching an "open" plea agreement[1] with the Commonwealth, Shugars pled guilty to aggravated indecent assault,[2] stemming from his admission that he sexually assaulted an eight-year-old girl. Because the offense of aggravated indecent assault is one of the specified offenses listed in 42 PA.CONS.STAT. ANN. § 9795.1, the trial court ordered the Sexual Offenders Assessment Board to assess whether Shugars was a sexually violent predator under the Registration of Sexual Offenders Act, commonly known as Megan's Law II.[3] On November 3, 2003, a report was filed by the Sexual Offenders Assessment Board which concluded that Shugars met the criteria for sexually violent predator status under the law.

¶ 3 On December 2, 2003, the Commonwealth filed a praecipe pursuant to 42 PA. CONS.STAT.ANN. § 9795.4(e) requesting a hearing to determine whether Shugars was a sexually violent predator. The trial court conducted a hearing on May 28, 2004. After receiving testimony from, among others, the Commonwealth's expert witness, Brenda A. Manno, MSW, LSW, the trial court concluded that the Commonwealth had presented clear and convincing evidence to support a determination that Shugars was a sexually violent

1. "An 'open' plea agreement is one in which there is no negotiated sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 363 n. 1 (Pa.Super.2005) (citation omitted).

2. 18 PA.CONS.STAT.ANN. § 3125(a)(7).

3. 42 PA.CONS.STAT.ANN. §§ 9791–9799.7.

predator. Subsequent thereto, on August 26, 2004, a sentencing hearing was held.

¶ 4 In imposing Shugar's sentence, of a period of imprisonment of four to eight years on the charge of aggravated indecent assault, the sentencing court stated the following:

I have considered the defendant's prior criminal record, the fact that he has been adjudged a sexually violent predator, and in my own notes here I have the phrase, tried everything. And this system, I think, certainly, since this problem started as a juvenile, has tried everything.

I don't see anything here that is going to accomplish much in the way of rehabilitation from all the information which I have before me.

And I guess that the main factor I am interested in and considering is simply incapacitation of the person from committing future criminal acts for as long a period as we can.

. . .

The sentence of the [c]ourt being an aggravated sentence is in excess of the standard range of the sentencing guidelines. I am required to state on the record my reasons for imposing this sentence. And, in addition to those I just stated, these reasons are as follows:

The defendant is a sexually violent predator, this having been determined not only by the Sexual Offenders Assessment Board, but also by this [c]ourt after hearing and testimony of various witnesses.

This means that he is likely to engage in predatory sexually violent offenses due to mental abnormality or personality disorder, in this case, pedophilia.

Second, that the defendant is likely to re-offend based on his prior criminal record, and lack of response to many attempts of treatment, including chemical therapy.

That in this case the defendant sexually abused a child he was supposed to be caring for at that time.

That the defendant, in the course of his treatment, has admitted molesting over 20 children and has committed an act of bestiality.

For these reasons, we are going outside the sentencing guidelines in this matter as I indicated.[4]

N.T., Sentencing, 8/26/04, at 12–14 (footnote added).

¶ 5 On September 7, 2004, Shugars filed a motion to modify sentence, which was denied on November 22, 2004. This timely appeal followed.

¶ 6 On appeal, Shugars raises only one issue for our review:

Did the [t]rial [c]ourt abuse its discretion in imposing a sentence in the aggravated range?

. . .

Appellant's Brief, at 4.

 ¶ 7 A review of Shugars' issue presented on appeal reveals that he is challenging the discretionary aspects of his sentence.[5] Initially, we note that "[i]ssues

---

4. The learned sentencing court misspoke. As will be discussed in this decision, the sentence was not outside the sentencing guidelines; rather, the sentence was within the aggravated range of the guidelines.

5. We observed in *Tirado* that

while a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his or her sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence.

challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Tirado,* 870 A.2d 362, 365 (Pa.Super.2005) (citation omitted). Shugars timely filed a motion to modify his sentence in which he argued that the sentence he received was excessive and based on impermissible factors. As such, we find that Shugars' post-sentence motion preserved the claims now raised on appeal.

■ ¶ 8 The right to appeal the discretionary aspects of a sentence is not absolute. *See id.* When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. "An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate 'the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.'" *Id.* (quoting *Commonwealth v. Mouzon,* 571 Pa. 419, 435, 812 A.2d 617, 627 (2002) (plurality)). We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See id.* "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* (quoting *Commonwealth v. Goggins,* 748 A.2d 721, 727 (Pa.Super.2000) (*en banc*),

*appeal denied,* 563 Pa. 672, 759 A.2d 920 (2000)) (emphasis in original).

■ ¶ 9 Shugars has failed to provide a Rule 2119(f) statement in his brief. The Commonwealth, however, has not objected to this violation of our Rules of Appellate Procedure.[6] "[I]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)," *Commonwealth v. Bonds,* 890 A.2d 414, 418 (Pa.Super.2005), however, "we need not do so," *id.* Because the absence of a Rule 2119(f) statement in the present case does not significantly hamper our ability to review Shugars' claim, we will address his claim on the merits.

¶ 10 In his brief, Shugars basically argues that his sentence is excessive because the sentencing court relied on "impermissible factors." Appellant's Brief, at 6. Such a claim raises a substantial question. *See, e.g., Commonwealth v. Bromley,* 862 A.2d 598, 604 (Pa.Super.2004), *appeal denied,* 584 Pa. 684, 881 A.2d 818 (2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1089, 163 L.Ed.2d 863 (2006); *Commonwealth v. Long,* 831 A.2d 737, 750 (Pa.Super.2003), *appeal denied,* 576 Pa. 721, 841 A.2d 530 (2003). Specifically, Shugars contends that the sentencing court improperly considered the following factors: his prior criminal history, his status as a sexually violent predator, that he sexually assaulted a child that was under his care, and that he had admitted to a therapist that he had sexually offended over twenty children and committed an act of bestiality.

■ ¶ 11 This Court recently set forth the applicable standard of review as follows:

---

870 A.2d at 365 n.5 (emphasis and citations omitted).

**6.** Where the Commonwealth objects to the lack of a Rule 2119(f) statement, this Court will deny review of the claim. *See Common-* *wealth v. Archer,* 722 A.2d 203, 211 (Pa.Super.1998) ("[W]here the [Commonwealth] objects, this Court cannot overlook this procedural error.").

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an *error in judgment*. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa.Super.2006) (citation omitted).

¶ 12 "When imposing a sentence, the sentencing court must consider the factors set out in 42 [PA.CONS.STAT.ANN.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant...." *Id.* Furthermore, "[a] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." *Commonwealth v. Stewart*, 867 A.2d 589, 593 (Pa.Super.2005) (citation omitted). The sentencing court, however, must also consider the sentencing guidelines. *See Fullin*, 892 A.2d at 847.

¶ 13 In the present case, Shugars had a prior record score of zero. *See* Sentencing Guideline Sheet, dated 8/26/04. An offense gravity score of ten is assigned to aggravated indecent assault. *See* 204 PA.CODE § 303.16. Therefore, the standard range is twenty-two to thirty-six months and the aggravated range is thirty-four to forty-eight months. *See id.* As noted, Shugars received a sentence of four to eight years (forty-eight to ninety-six

months), which is in the aggravated range of the guidelines.

¶ 14 As mentioned, on appeal, Shugars maintains that the sentencing court relied on impermissible factors in sentencing him in the aggravated range of the guidelines. Shugars first argues that "the [sentencing] [c]ourt erred in considering [his] prior record to be an aggravating factor." Appellant's Brief, at 7.[7] "It is impermissible for a court to consider factors already included within the sentencing guidelines as the *sole* reason for increasing or decreasing a sentence to the aggravated or mitigated range. Trial courts are permitted to use prior conviction history and other factors already included in the guidelines *if, they are used to supplement other extraneous sentencing information.*" *Commonwealth v. Simpson*, 829 A.2d 334, 339 (Pa.Super.2003) (citations omitted and emphasis added).

¶ 15 A review of the sentencing transcript reveals that Shugars' prior criminal record was not the sole factor that was considered and utilized for sentencing Shugars in the aggravated range; it was merely just one factor among several that led to the increased sentence. *See* N.T., Sentencing, 8/26/04, at 12–14. As such, we find no abuse of discretion.

¶ 16 Shugars next argues that the sentencing court improperly considered his status as a sexually violent predator. Specifically, Shugars argues that Megan's Law II is not punitive in nature, thus it was improper for the sentencing court to consider his status as a sexually violent predator as a factor in sentencing him in the aggravated range of the guidelines.

¶ 17 Preliminarily, we note that the definition of a sexually violent predator is

---

7. Shugars "has a prior juvenile record for indecent assault on an 11 year old female when he was 13 years of age for which he was placed at Harborcreek School for Boys and was under supervision until he was 21 years of age." Trial Court Opinion, 7/12/04, at 2.

composed of two parts: first, the person must have been convicted of a sexually violent offense, and second, the person must be determined to be a sexually violent predator due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. *See* 42 PA.CONS.STAT. ANN. § 9792; *Commonwealth v. Moody,* 843 A.2d 402, 409 (Pa.Super.2004), *appeal denied,* 584 Pa. 693, 882 A.2d 477 (2005).

¶ 18 Once an individual is convicted of a sexually violent offense, as specified in Megan's Law II, the trial court must order the person to be assessed by the Sexual Offenders Assessment Board. *See* 42 PA. CONS.STAT.ANN. § 9795.4(a). During the assessment, the Sexual Offenders Assessment Board conducts an examination of the following factors:

(1) Facts of the current offense, including:

 (i) Whether the offense involved multiple victims.

 (ii) Whether the individual exceeded the means necessary to achieve the offense.

 (iii) The nature of the sexual contact with the victim.

 (iv) Relationship of the individual to the victim.

 (v) Age of the victim.

 (vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

 (vii) The mental capacity of the victim.

(2) Prior offense history, including:

 (i) The individual's prior criminal record.

 (ii) Whether the individual completed any prior sentences.

 (iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

 (i) Age of the individual.

 (ii) Use of illegal drugs by the individual.

 (iii) Any mental illness, mental disability or mental abnormality.

 (iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 PA.CONS.STAT.ANN. § 9795.4(b). These are the exact same factors the trial court must consider when assessing a convicted sex offender for sexual violent predator status. *See Moody,* 843 A.2d at 409.

¶ 19 Once a convicted sex offender is classified as a sexually violent predator they are subject to registration, notification, and counseling requirements. *See Commonwealth v. Williams,* 574 Pa. 487, 496–498, 832 A.2d 962, 967–968 (2003). The registration, notification, and counseling requirements "constitute non-punitive, regulatory measures…." *Id.,* 574 Pa. at 528, 832 A.2d at 986. While the mere classification of a convicted sex offender as a sexually violent predator and the requirements imposed on individuals who have been adjudicated sexually violent predators under Megan's Law II are clearly non-punitive in nature, the behaviors, actions, and personal characteristics of such individuals, the very factors articulated in 42 Pa.Cons.Stat.Ann. § 9795.4(b), are relevant, and may be considered, at sentencing.

¶ 20 We recently explained in *Commonwealth v. P.L.S.,* 894 A.2d 120 (Pa.Super.2006), per our esteemed colleague, the Honorable Mary Jane Bowes, where we

considered a claim challenging the discretionary aspects of a sentence, that "[u]nder 42 [Pa.Cons.Stat.Ann.] § 9795.4(f),[8] a copy of the SOAB [Sexual Offenders Assessment Board] assessment 'shall be provided to the agency preparing the pre-sentence investigation,' and therefore, *it may be utilized by the court as an aid at sentencing.*" 894 A.2d at 132 (citing Pa.R.Crim. P., Rule 702(A), 42 Pa.Cons.Stat.Ann.) (emphasis added).[9] Thus, if a sentencing court can rely on the information collected in the assessment conducted by the Sexual Offenders Assessment Board "as an aid at sentencing" there is no question it can also rely at sentencing on its own assessment of the factors articulated in 42 Pa.Cons. Stat.Ann. § 9795.4(b), which it has gathered at the hearing conducted pursuant to 42 Pa.Cons.Stat.Ann. § 9795.4(e).

¶ 21 Put simply, the behaviors, actions, and personal characteristics of a convicted sexual offender, as determined by the trial court, and which provide the basis for a finding that a convicted sexual offender is deemed a sexually violent predator, are legal factors which the trial court may consider when imposing a sentence in the aggravated range. *See Commonwealth v. Stewart,* 867 A.2d 589, 593 (Pa.Super.2005) ("A trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range.").

¶ 22 In the present case, a reading of the sentencing transcript reveals that the sentencing court did not sentence Shugars in the aggravated range simply because he was classified as a sexually violent predator; instead, the sentencing court carefully considered the information gleaned from the proceedings conducted pursuant to Megan's Law II, specifically the information obtained from the Sexual Offenders Assessment Board's assessment and from the testimony presented at the hearing conducted pursuant to 42 Pa.Cons.Stat. Ann. § 9795.4(e). For instance, the sentencing court stated that Shugars' lack of response to therapy, his admission that he molested over twenty children and has committed an act of bestiality, and the diagnosis of pedophilia were all factors contributing to the sentencing court's conclusion that Shugars was a danger to the community and therefore subject to a sentence in the aggravated range. *See* N.T., Sentencing, 8/26/04, at 12–14.

¶ 23 Shugars also maintains that the sentencing court improperly considered the other acts of molestation and his act of bestiality as they are "uncharged, unproven allegations" which are related to his status as a sexually violent predator. Appellant's Brief, at 9. As Shugars notes in his brief, at the hearing conducted pursuant to Megan's Law II, "there was testimony that while he was at Harbor Creek

---

8. Section 9795.4(f) states the following:
 (f) **Presentence investigation.**—In all cases where the board has performed an assessment pursuant to this section, copies of the report shall be provided to the agency preparing the presentence investigation.
 42 Pa.Cons.Stat.Ann. § 9795.4(f).

9. In his concurring opinion, Judge John Bender agreed that information from the assessment may be considered by the trial court at the time of sentencing:
 I do not intend that admissions or other information obtained through the SOAB investigation be excluded from *consideration* in imposing sentence. Indeed, Megan's Law provides that "[i]n all cases where the [SOAB] has performed an assessment pursuant to this section, copies of the report shall be provided to the agency preparing the presentence investigation." 42 [Pa.Cons.Stat.Ann.] § 9795.4(f). Thus, Megan's Law *contemplates* that information from the SOAB investigation may properly find its way into the PSI report and, accordingly, into the hands of the sentencing judge.
 *P.L.S.,* 894 A.2d at 135 (emphasis in original).

[sic] Youth Treatment facility appellant claimed to have sexually molested at least 20 juveniles. There was also testimony that appellant claimed that while on a home visit from Harbor Creek [sic] in December of 1996 he had engaged in acts of bestiality with his mother's dog. . . ." *Id.* The foregoing incidents are also contained in a report written by the Sexual Offenders Assessment Board. *See* Sexual Offenders Assessment Board letter, dated 11/3/03.[10] For the reasons stated above, Shugars' argument that the sentencing court erred in considering these previous incidents is meritless.

▮▮▮ ¶ 24 Furthermore, Shugars makes the bald assertion[11] that the sentencing court cannot consider uncharged criminal conduct for sentencing purposes; such an assertion is patently incorrect. *See P.L.S.*, 894 A.2d at 131 ("Not only does the caselaw authorize a sentencing court to consider unprosecuted criminal conduct, the sentencing guidelines essentially mandate such consideration when a prior record score inadequately reflects a defendant's criminal background.").

¶ 25 Shugars' final contention is that the trial court improperly relied "on the fact that appellant sexually abused a child he was supposed to be caring for at the time[.]" Appellant's Brief, at 9. Shugars contends that as "children are often sexually molested by a caretaker" that this case is not distinguishable "from the typical case," and thus, such a fact "by itself" does not justify a sentence in the aggravated range. *Id.* This claim also warrants no relief.[12]

▮▮▮ ¶ 26 The sentencing court, as mentioned, explicitly stated numerous reasons why it imposed a sentence in the aggravated range of the guidelines. The sentencing court thoroughly and thoughtfully explained that, in addition to the caretaker relationship, it was concerned with Shugars' prior criminal record, lack of response to therapy and concomitant failure to rehabilitate, his admission of molesting over twenty children, and his statement that he committed an act of bestiality. After review of these factual matters, the sentencing concluded that it needed protect society from the appellant. *See* N.T., Sentencing, 8/26/04, at 12–14. In short, the sentencing court properly considered all of the factors set out in 42 PA.CONS.STAT.ANN. § 9721(b).

¶ 27 Our review of the entire sentencing transcript indicates that the sentencing court was well aware of the applicable sentencing ranges.[13] Obviously, we are

10. This letter is contained in the pre-sentence investigation report.

11. Shugars repeatedly relies throughout his brief on *Commonwealth v. Schaffer*, 2005 Pa.Super. 14 (filed January 12, 2005). *Schaffer* was, however, withdrawn by this Court, as the Commonwealth notes in its brief, as an application for reconsideration was granted on March 4, 2005. We note that Shugars' brief was filed with this Court on July 22, 2005, well after *Schaffer* was withdrawn.

12. Shugars brief contains a catch all argument where he states that it is his position that "all the factors set our [sic] by the [t]rial [c]ourt to justify the aggravated sentence are impermissible." Appellant's Brief, at 9. Such an "argument" is nothing more than a

bald conclusion and, as such, is not a proper legal argument. *See Commonwealth v. Clayton*, 572 Pa. 395, 402–403, 816 A.2d 217, 221 (2002) (stating that "it is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal").

13. The sentencing court expressly noted that the sentence was in the aggravated range and "is in excess of the standard range of the sentencing guidelines." N.T., Sentencing, 8/26/04, at 13. It makes no difference that the sentencing court did not state the specific guideline ranges on the record. *See Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa.Super.2002) ("When the record demonstrates that the sentencing court was aware of the

satisfied with the sentencing court's specific reasons for sentencing Shugars in the aggravated range of the guidelines.

■■■ ¶ 28 Lastly, we consider Shugars' assertion that his sentence constitutes "a violation of due process" as he maintains that the trial court found facts which increased his maximum sentence, which he defines as the "maximum under the sentencing guidelines." Appellant's Brief, at 9 (citing *Commonwealth v. Aponte*, 579 Pa. 246, 855 A.2d 800 (2004), *cert. denied*, 543 U.S. 1063, 125 S.Ct. 886, 160 L.Ed.2d 792 (2005)). This "argument," which was also raised in his motion to modify sentence, consists of a mere three sentences which is awkwardly wedged between paragraphs addressing his argument regarding the sentencing court's consideration of alleged impermissible factors. *See id.*

¶ 29 Ordinarily, we would not hesitate to consider such a woefully undeveloped argument waived; it is not even included in his statement of questions presented on appeal. However, implicit in Shugars' argument is the contention that his sentence is illegal, consequentially necessitating a review in light of our well-settled policy that a challenge to the legality of a sentence is never waived. *See, e.g., Commonwealth v. Rossetti*, 863 A.2d 1185, 1193 (Pa.Super.2004), *appeal denied*, 583 Pa. 689, 878 A.2d 864 (2005). Thus, we will briefly address this argument.

¶ 30 The basis of Shugars' claim is our Supreme Court's observation that

in cases where the fact which increases the maximum penalty is not a prior conviction and requires a subjective assessment, anything less than proof beyond a reasonable doubt before a jury violates due process. Additionally, any judicial

finding which results in punishment beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.

*Aponte*, 579 Pa. at 264, 855 A.2d at 811. As mentioned, Shugars defines the maximum penalty as "the maximum under the sentencing guidelines." Appellant's Brief, at 9.

¶ 31 Such an assertion is simply wrong. *See, e.g., Commonwealth v. Saranchak*, 544 Pa. 158, 177 n. 17, 675 A.2d 268, 277 n. 17 (1996), *cert. denied*, 519 U.S. 1061, 117 S.Ct. 695, 136 L.Ed.2d 617 (1997) ("It is well-established that a sentencing court can impose a sentence that is the maximum period authorized by the statute."); *Commonwealth v. Boyer*, 856 A.2d 149, 153 (Pa.Super.2004) ("[T]he sentencing guidelines provide for minimum and not maximum sentences."), *aff'd*, 891 A.2d 1265 (Pa. 2006).

¶ 32 The maximum penalty in the present case, for aggravated indecent assault, a second degree felony, *see* 18 PA.CONS.STAT. ANN. § 3125(c)(1), is ten years, *see* 18 PA. CONS.STAT.ANN. § 1103(2). Shugars' maximum sentence of eight years is well within the statutory maximum. As such, his claim fails.

¶ 33 Judgment of sentence affirmed. Jurisdiction relinquished.

---

guideline ranges and contains no indication that incorrect guideline ranges were applied or that the court misapplied the applicable ranges, we will not reverse simply because the specific ranges were not recited at the

sentencing hearing."), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied*, —— U.S. ——, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).