J-S32010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY SCOTT KNIPPLE | |
| Appellant | No. 787 WDA 2013 |

Appeal from the Judgment of Sentence April 15, 2013
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001796-2007

BEFORE: PANELLA, J., DONOHUE, J., and ALLEN, J.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 22, 2014**

Appellant, Larry Scott Knipple, appeals from the order entered on April 15, 2013, by the Honorable Timothy P. Creany, Court of Common Pleas of Cambria County, which denied his petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

As we write exclusively for the parties, who are familiar with the factual context and legal history of this case, we set forth only so much of the facts and procedural history as is necessary to our analysis.

A jury convicted Knipple of three counts of rape of a child,[2] three counts of involuntary deviate sexual intercourse with a child,[3] and two

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 Pa.C.S.A. § 3121(c).

counts of indecent assault of a person less than 13 years of age.[4] The trial court sentenced Knipple to 120 to 240 months of incarceration for each count of rape; 12 to 60 months for each count of indecent assault; and imposed no further penalty for the three counts of involuntary deviate sexual intercourse. Knipple received an aggregate sentence of 32 to 70 years of incarceration.

Knipple filed a direct appeal from his judgment of sentence. This court affirmed the judgment of sentence on July 19, 2010. Thereafter, Knipple appealed to our Supreme Court, which denied his petition for allocator on May 27, 2011.

On May 23, 2012, Knipple filed a timely PCRA petition. The PCRA court conducted an evidentiary hearing on September 5, 2012, and thereafter, on December 6, 2012, granted Knipple partial relief due to trial counsel's failure to file requested post-sentence motions challenging the discretionary aspects of the imposed sentence.[5] **See** PCRA Opinion, 12/6/12, at 8. The court denied all other grounds for PCRA relief pertaining to ineffective assistance of counsel. **See id**., at 1-8.

_(Footnote Continued)_ ───────────

[3] 18 Pa.C.S. § 3123(b).
[4] 18 Pa.C.S. § 3126(a)(7).
[5] On direct appeal, a panel of this Court found the discretionary aspects of sentencing claim waived for failure to preserve it in the trial court. **See Commonwealth v. Knipple**, 899 WDA 2009, at 19 (Pa. Super., filed July 19, 2010) (unpublished memorandum).

Pursuant to court order, Knipple's counsel filed a post-sentence motion to modify sentence, *nunc pro tunc*, on February 6, 2013. After hearing argument, the trial court concluded Knipple's sentence was "overly harsh," and reduced it to 19½ to 39 years of incarceration. **See** Order, 3/25/13, at 2. On April 15, 2013, the PCRA court "deemed [the order] final." Order, 4/15/13. Knipple then appealed the denial of the PCRA petition. On appeal, Knipple seeks to raise ineffective assistance of counsel claims and a discretionary aspect of sentencing claim, a claim that is not cognizable on collateral review.

Preliminarily, we must determine if the appeal properly lies from the denial of the PCRA petition. For the reasons set forth below, we find that the appeal actually lies from the newly imposed judgment of sentence.[6]

Once the PCRA court modified Knipple's sentence it imposed a new judgment of sentence. An appeal taken following the imposition of a new sentence, even after the filing of a PCRA petition, is a direct appeal. **See**, **e.g.**, **Commonwealth v. Lesko**, 719 A.2d 217, 219 (Pa. 1998).

We must next determine what effect this has on the claims raised in this direct appeal. With respect to his challenge to the discretionary aspects of sentencing, **see** Appellant's Brief, at 33, we note that he never raised this claim in the court below. As such, we find this claim waived. **See**

_____

[6] We have corrected the appeals statement in the caption accordingly.

- 3 -

*Commonwealth v. Shugars*, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006)

("[I]ssues challenging the discretionary aspects of a sentence must be raised

in a post-sentence motion or by presenting the claim to the trial court during

the sentencing proceedings. Absent such efforts, an objection to a

discretionary aspect of a sentence is waived.").

As for his claims of trial counsel's ineffectiveness, our Supreme Court

has stated the following:

> where the defendant seeks to litigate multiple or prolix claims of
> counsel ineffectiveness, including non-record-based claims, on
> post-verdict motions and direct appeal, we repose discretion in
> the trial courts to entertain such claims, but only if (1) there is
> good cause shown, and (2) the unitary review so indulged is
> preceded by the defendant's knowing and express waiver of his
> entitlement to seek PCRA review from his conviction and
> sentence, including an express recognition that the waiver
> subjects further collateral review to the time and serial petition
> restrictions of the PCRA.

*Commonwealth v. Holmes*, 79 A.3d 562, 564 (Pa. 2013) (footnotes

omitted). Here, the court found the ineffective assistance claims meritless

and the record is devoid of any indication that Knipple waived his right to

further PCRA review. Therefore, these claims must await collateral review.[7]

Judgment of sentence affirmed. Jurisdiction relinquished.

---

[7] Knipple is free to litigate these claims and any additional cognizable PCRA
claims he may have in a timely filed PCRA petition.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/2014