J-S09014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| STEVEN BELK | |
| Appellant | No. 1216 MDA 2015 |

Appeal from the Judgment of Sentence June 11, 2015
In the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000671-2014

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 01, 2016**

Appellant, Steven Belk, appeals from the judgment of sentence entered by the Honorable Thomas A. James, Jr., Court of Common Pleas of Columbia County. We affirm.

The relevant facts and procedural history are as follows. Belk entered "open" guilty pleas[1] to two counts of criminal use of communication facility.[2] The trial court subsequently imposed an aggregate sentence of 18 to 60 months' imprisonment in a state correctional institution, with credit for 318 days already served. The trial court denied Belk's post-sentence motion for reconsideration. This timely appeal followed.

---

[1] An "open" plea agreement does not include a negotiated sentence. **See Commonwealth v. Vega**, 850 A.2d 1277, 1280 (Pa. Super. 2004).

[2] 18 Pa.C.S.A. § 7512(a).

On appeal, Belk raises three issues challenging the discretionary aspects of his sentence.[3] In his first issue, Belk asserts that the trial court erred in sentencing him to incarceration in a state correctional facility instead of the Columbia County Prison, where he already served over 318 days of his sentence. In his second issue, Belk argues that the trial court erred in sentencing him to incarceration in a state correctional facility because it failed to adequately consider his rehabilitative needs. In his third issue, Belk contends that the trial court erred in sentencing him to incarceration in a state correctional facility because it failed to consider the fact that he is the sole provider and caretaker for his ill fiancé and would have been better able to provide for her if he was sentenced to Columbia County Prison.

We start our analysis by noting that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." *Commonwealth v. Shugars*, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006) (citation omitted). Without such efforts, an objection to a discretionary aspect of a sentence is waived. *See id*., at 1274.

_____

[3] Defendants who enter open plea agreements may appeal the discretionary aspects of their sentence. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 n. 5 (Pa. Super. 2005).

Here, Belk timely filed his post-sentence motion for reconsideration; however, he failed to include the specific arguments asserted in his three issues on appeal. Because Belk also failed to raise these specific arguments during his sentencing hearing, all three of his claims on appeal are waived. *See id*. Even if Belk had properly preserved these claims, no relief would be warranted because the trial court had no discretion. *Cf. Commonwealth v. Fullin*, 892 A.2d 843, 850 (Pa. Super. 2006). Section 9762 of the Sentencing Code specifically provides that defendants sentenced to maximum terms of five or more years *must* be committed to a state correctional institution. *See* 42 Pa.C.S.A. § 9762(b)(1). To the extent that Belk is arguing that the trial court did not adequately consider certain mitigating factors, this claim does not raise a substantial question. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2016