J-S56023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| KEVIN CLEVELAND | |
| Appellant | No. 220 MDA 2016 |

Appeal from the Judgment of Sentence December 15, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001102-2015

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 26, 2016**

Appellant, Kevin Cleveland, appeals from the judgment of sentence entered in the Court of Common Pleas of Lackawanna County. We affirm.

The relevant factual and procedural history is as follows. Cleveland pled guilty[1] to incest of a minor,[2] stemming from his sexual abuse of his biological daughter, N.L. As a result of Cleveland's abuse, N.L. conceived a child, who was born with a heart condition. The trial court sentenced Cleveland to the statutory maximum of 60 to 120 months' imprisonment.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Cleveland entered an open guilty plea. An "open" plea agreement does not include a negotiated sentence. **See Commonwealth v. Vega**, 850 A.2d 1277, 1280 (Pa. Super. 2004).

[2] 18 Pa.C.S.A. § 4302(b)(2).

Cleveland was not determined to be a sexually violent predator; however, pursuant to the Sex Offender Registration and Notification Act (SORNA), he is required to register as a sexual offender for the remainder of his life. ***See*** 42 Pa.C.S.A. § 9799.14(d)(9); 42 Pa.C.S.A. § 9799.15(a)(3). The trial court denied Cleveland's post-sentence motion for reconsideration. This timely appeal followed.

On appeal, Cleveland challenges the discretionary aspects of his sentence and contends that the trial court imposed a manifestly excessive sentence. Cleveland asserts that although the sentence imposed was within the statutory guidelines, it was nonetheless excessive considering the facts of his case. Specifically, Cleveland argues that

> his low I.Q., his lack of knowledge that the victim was his daughter, that it happened on one occasion only, that he was determined not to be a sexually violent predator, that he was intoxicated when it happened, and, not to minimize the nature of the offense, the fact that the victim was 16 years old when the offense took place should all have been considered by the sentencing court.

Appellant's Brief, at 9. Cleveland further argues that the court erred in deeming him a threat to society because it failed to consider the fact that he was crime-free for more than 20 years before the instant offense. ***See id***.

We start our analysis by noting that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273-1274

- 2 -

(Pa. Super. 2006) (citation omitted). Without such efforts, an objection to a discretionary aspect of a sentence is waived. ***See id***., at 1274. "When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence." ***Id***. A "substantial question" as to the inappropriateness of the sentence under the Sentencing Code exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012) (citations omitted). "An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Shugars***, 895 A.2d at 1274 (citation and internal quotations omitted).

Here, Cleveland raised the issues presented on appeal in his post-sentence motion. However, in his Rule 2119(f) statement, Cleveland does not challenge a specific provision of the Sentencing Code or cite a particular fundamental norm underlying the sentencing process that he believes was violated. Instead, he merely asserts that his sentence was "inappropriately harsh and excessive" because "the facts of … [his] case do not support the necessity of imposing a maximum sentence." Appellant's Brief, at 9. This

bald assertion of excessiveness is insufficient to present a substantial question. *See Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012); *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) ("As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing court's actions violated the sentencing code.")

Moreover, Cleveland's assertion that the court erred by failing to adequately consider certain factors of record, such as his low I.Q., his alleged unawareness that N.L. was his daughter, his intoxication at the time of the offense, the fact that N.L. was 16 at the time of the offense, and that he was crime-free for 20 years, does not present a substantial question. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*).

Consequently, Cleveland has failed to invoke our jurisdiction, and we cannot review the merits of his sentencing claim. *See Commonwealth v. Haynes*, 125 A.3d 800, 807 (Pa. Super. 2015).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2016

- 4 -