J-S53013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES LEROY LEONARD | : | |
| | : | |
| Appellant | : | No. 2318 EDA 2017 |

Appeal from the Judgment of Sentence May 24, 2017
in the Court of Common Pleas of Chester County
Criminal Division at No.:  CP-15-CR-0002384-2016

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 15, 2018**

Appellant, James Leroy Leonard, appeals from the judgment of sentence imposed after his jury conviction of three counts each of possession with intent to deliver a controlled substance (PWID) and possession of a controlled substance, and one count of criminal conspiracy.[1]  Specifically, Appellant challenges the discretionary aspects of his sentence.  We affirm.

We take the following factual and procedural background from our independent review of the certified record.  On June 23, 2016, the Westtown East Goshen Police Department and the West Whiteland Police Department conducted a controlled buy using a confidential informant (CI).  The CI purchased heroin from Appellant in the rear parking lot of the Parkway

---

[1] 35 P.S. § 780-113(a)(30) and (16) and 18 Pa.C.S.A. § 903(a), respectively.

---

\*   Retired Senior Judge assigned to the Superior Court.

Shopping Center. The police arrested Appellant and transported him to the police station. A short time later, they discovered a satchel containing heroin and cocaine on the floor of the police car where Appellant had been sitting.

On March 21, 2017, the jury convicted Appellant of the above crimes. On May 24, 2017, with the aid of a Presentence Investigation Report (PSI), the trial court sentenced Appellant to an aggregate term of not less than nine nor more than eighteen years' incarceration, plus a consecutive term of three years of probation. The court denied Appellant's post-sentence motion on June 20, 2017, after a hearing. Appellant timely appealed.[2]

Appellant raises one question for this Court's review: "Whether [the trial court] abuse[ed its] discretion when [it] imposed an aggregate sentence of nine [] to eighteen [] years?" (Appellant's Brief, at 3).

It is well settled that there is no automatic right to appeal the discretionary aspects of a sentence.

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal [was timely-filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence[, *see* Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

---

[2] On November 15, 2017, Appellant filed a timely court-ordered concise statement of errors complained of on appeal. The court filed an opinion on February 2, 2018. *See* Pa.R.A.P. 1925.

*Commonwealth v. White*, ___ A.3d ___, 2018 WL 3490861, at \*2 (Pa. Super. filed July 20, 2018) (citation omitted).

Here, Appellant has met the first three requirements. His appeal was timely filed, he preserved his issue in a post-sentence motion, and his brief contains a Rule 2119(f) statement. **See id.** Therefore, we must consider whether the statement raises a substantial question.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* at \*3 (citations and quotation marks omitted).

Instantly, Appellant alleges that his sentence is "unreasonable and manifestly excessive[,]" because "the [c]ourt failed to take his remorse, honesty[,] and circumstances into consideration." (Appellant's Brief, at 6, 8). He maintains that the court improperly focused only on his prior criminal history. (**See id.** at 8). This claim raises a substantial question. **See Commonwealth v. Rush**, 162 A.3d 530, 544 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1049 (Pa. 2017). However, it does not merit relief.

> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically

reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

*Id.* (citations and quotation marks omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.[C.S.A.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. . . ." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted). Further, "[t]rial courts are permitted to use prior conviction history and other factors already included in the guidelines if, they are used to supplement other extraneous sentencing information*.*" *Id.* (citation and emphasis omitted).

In this case, we first observe that the trial court had the benefit of a PSI, and therefore we presume it considered all relevant factors. (***See*** N.T. Sentencing, 5/24/17, at 2); ***Commonwealth v. Bonner***, 135 A.3d 592, 605 (Pa. Super. 2016), *appeal denied*, 145 A.3d 161 (Pa. 2016) ("Where [a PSI] exist[s], we [ ] presume that the [trial court] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] constitutes the record and speaks for itself.") (citation omitted).

Additionally, a review of the record reveals that, in addition to Appellant's prior criminal history, the court considered the guidelines,[3] his rehabilitative needs, the seriousness of his offense, and its effect on the victim and community. (**See** N.T. Sentencing, at 2, 10). The court also reviewed an "incredibly sad" letter from Appellant's mother, listened to his statement, questioned him about his addiction and treatment history, and heard the arguments of counsel. (**Id.** at 7; **see id.** at 3-9).

Based on the foregoing, we conclude that the trial court properly used Appellant's prior criminal history only "to supplement other extraneous sentencing information." **Shugars**, **supra** at 1275 (citation and emphasis omitted). Hence, we discern no abuse of discretion. **See Rush**, **supra** at 544. Appellant's issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/18

---

[3] Each of Appellant's sentences was within the standard guideline range. (**See** Trial Court Opinion, 2/02/18, at 3).