J-S28014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DOMINIC JAQUARIUSPA RAY | : | |
| | : | |
| Appellant | : | No. 26 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 30, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001830-2017

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                          **FILED JULY 01, 2019**

Dominic Jaquariuspa Ray appeals from the judgment of sentence of twenty to forty years of incarceration, imposed following his guilty plea to third-degree murder.  We affirm.

On October 16, 2016, Appellant fired seven shots at Victor Grandy, killing him.  N.T. Guilty Plea, 6/4/18, at 12.  Following his apprehension in New York, Appellant spoke to investigators and confirmed that he was indeed the shooter.  ***Id***.  Appellant was charged with criminal homicide and possession of a firearm prohibited.  Pursuant to an open plea agreement, the Commonwealth withdrew the firearms charge and Appellant pled guilty to third-degree murder.  Since there was no agreement as to sentence, sentencing was postponed so that a presentence investigation ("PSI") could be conducted.

_____
*   Retired Senior Judge assigned to the Superior Court.

On July 30, 2018, Appellant appeared for sentencing. The court had the benefit of a PSI report and oral impact statements from the victim's sister, uncle, and cousin. N.T. Sentencing, 7/30/18, at 9-12. In addition to testimony from Appellant, the court received testimony from Appellant's fiancé, older brother, and a friend of the family. *Id*. at 13-21. At the conclusion of the hearing, Appellant was sentenced to twenty to forty years of imprisonment.

Appellant filed a motion to reconsider his sentence, which was denied. Appellant timely appealed, and both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents the following issue for our consideration: "Whether the trial court abused its discretion in sentencing the Appellant." Appellant's brief at 1.

Appellant challenges the discretionary aspects of his sentence. Specifically, he attacks his sentence on two grounds: (1) that the trial court double-counted factors already ingrained in the sentencing code and (2) that the court failed to give adequate reasons for the sentence it imposed. The following principles apply to our consideration of whether review of the merits of his claim is warranted. "An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction." *Commonwealth v. Samuel*, 102, A3d 1001, 1006-07 (Pa.Super. 2014). In determining whether an appellant has invoked our jurisdiction, we consider four factors:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*.

Appellant filed both a timely motion for reconsideration of his sentence and a notice of appeal. In his motion, Appellant challenged the court's failure to consider mitigating factors, such as his remorse and statements made at sentencing on his behalf, when it fashioned his sentence. However, Appellant did not challenge the trial court's alleged double-counting of factors already accounted for in the sentencing guidelines. He also did not raise this issue in his concise statement of errors complained of on appeal. Since Appellant's first sentencing issue was not raised before the trial court, we cannot consider it. *Id*. at 1006. Appellant did properly preserve his second issue. Therefore, we now proceed to determine whether Appellant has raised a substantial question as to that claim.

Appellant's brief contains a statement of reasons relied upon for his challenge to the discretionary aspects of his sentence as required by Pa.R.A.P. 2119(f). In his statement, Appellant claims that a substantial question is presented by the fact that the trial court imposed a statutory maximum sentence, without an appropriate discussion of all of the factors. Appellant's brief at 3. We find that this claim raises a substantial question, as it challenges

- 3 -

the adequacy of the reasons given by the trial court for its sentencing choice. *See Commonwealth v. Marts*, 889 A.2d 608, 613 (Pa.Super. 2005). Accordingly, we now turn our attention to Appellant's challenge to his sentence.

The following principles apply to our substantive review of Appellant's claim. "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa.Super. 2009). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009). Instead, we review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather[,] the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014).

A trial court's sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "When imposing sentence, a court is required to consider the particular circumstances of the offense and

the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." ***Antidormi***, ***supra*** at 761 (citations and quotation marks omitted). Finally, when the trial court has been informed by a PSI, it is presumed that the trial court is aware of and has been informed by all appropriate sentencing factors and considerations. ***Commonwealth v. Bullock***, 170 A.3d 1109, 1126 (Pa.Super. 2017).

Pursuant to 42 Pa.C.S. § 9781(c), we can vacate and remand only if we find (1) that the court intended to sentence within the guidelines, but "applied the guidelines erroneously;" (2) a sentence was imposed within the guidelines, "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or (3) "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c). The instant sentence is the maximum sentence allowed by law.[1] Trial Court Opinion, 11/27/18, at 1. Therefore, it must be affirmed unless it is unreasonable. While reasonableness is not defined in the statute,

_____

[1] While it is clear that Appellant received a sentence that was above the standard range of the sentencing guidelines, it is unclear whether the sentence was in the aggravated range or outside of the sentencing guidelines. Our analysis and conclusion are the same regardless. ***See Commonwealth v. Shugars***, 895 A.2d 1270, (Pa.Super. 2006) (analyzing the reasons the court gave for imposing a sentence in the aggravated range); ***see also Commonwealth v. Smith***, 863 A.2d 1172, 1177-78 (Pa.Super. 2004) (looking at the trial court's explanation for why it sentenced outside of the guidelines).

it "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" ***Commonwealth v. Walls***, 926 A.2d 957, 963 (Pa. 2007).

Appellant argues that his sentence was excessive because the court did not consider the sentencing guidelines, Appellant's remorse, or discuss the factors set forth in the sentencing code. Appellant's brief at 9. Instead, Appellant claims, the trial court placed improper emphasis on the seriousness of the crime. ***Id***.

Appellant fails to establish that the instant sentence is unreasonable. The certified record demonstrates that the trial court properly relied on several factors in electing to impose the maximum sentence allowed by law, all of which demonstrated that the court followed the general principles outlined in § 9721(b), *i.e.*, that the sentence be consistent with the protection of the public, gravity of the offense as it relates to the victim and community, and the rehabilitative needs of the offender. In fashioning the judgment of sentence, the trial court referenced the PSI report; arguments made by the prosecutor and defense attorney; statements made by Appellant's fiancé, brother, sister, and friend; statements made by the victim's sister, uncle, and cousin; and Appellant's own allocution. N.T. Sentencing, 7/30/18, at 25-26; Trial Court Opinion, 11/27/18, at 3. In its opinion, the court explained that it had the opportunity to "observe the demeanor and candor of those who addressed the court." Trial Court Opinion, 11/27/18, at 4. Notably, it listened to Appellant's allocution wherein he detailed a "rough upbringing" and

characterized the homicide as "a bad judgment call." N.T. Sentencing, 7/30/18, at 20.

Our review confirms that the trial court weighed Appellant's mitigating factors, along with the seriousness of the crime and Appellant's failure to take genuine responsibility for his actions. We have no license to reweigh the mitigating circumstances against the aforementioned factors. *Macias*, *supra* at 778.

Nor did the trial court fail to place on the record its reasons for imposing the statutory maximum sentence. The court offered the following explanation for its decision:

> Sir, I've accepted the guilty plea as voluntarily, knowingly, and intelligently tendered. I take into account the nature of the offense and the voluntariness of the plea. I incorporate the terms of the presentence investigation, the statements of the Commonwealth attorneys and the defense attorneys, the statements of Dominique Grandy, Mr. Grandy, Chanel Johnson, Lisa Allen, Domenique Nettles, Jeffrey Ray, Aminah Coleman, and also the statements offered to the Court and the letter previously received by Dominic Ray as was a letter received from Ms. Allen. The [c]ourt also takes into account the general standards of sentencing which include the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.
>
> . . . .
>
> This sentence is not in the standard range as counsel is aware. The Court has imposed the sentence due to the heinous, senseless act of violence with a deadly weapon the streets of this community taking the life of Victor Grandy. You took his life, and you affected the lives of his family and the lives of your family. There is no justification for an act of this nature in civilized society.
>
> . . . .

In addition, as I close the record, I do not believe that you have accepted responsibility for the action in question.

N.T. Sentencing, 7/30/18, at 25-27.

The record establishes that the trial court took into account the relevant factors and explained the reasons for imposing the maximum sentence allowed by law. It found that Appellant committed a "heinous" and "senseless act," and failed to take responsibility for his actions, which devastated both the victim's family and his own. *Id*. at 27. Accordingly, the trial court acted well within its discretion when it sentenced Appellant to the statutory maximum.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2019