J-S08016-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JABBAR WORSLEY | : | |
| | : | |
| Appellant | : | No. 1436 EDA 2025 |

Appeal from the Judgment of Sentence Entered July 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001477-2023

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 3, 2026**

Jabbar Worsley appeals from the judgment of sentence imposed after he pled guilty to possession with intent to deliver a controlled substance ("PWID") and persons not to possess a firearm.[1]  He challenges the discretionary aspects of his sentences.  Upon review, we find Worsley waived his sentencing claim and affirm.

The trial court set forth the facts as follows:

On November 16, 2022, at approximately 6:25pm, Officer Ramuno . . . and Officer Hall . . . were patrolling the area of the 1000 block of West Somerset Street in the city and county of Philadelphia.  Officers received information over radio to be on the lookout for a male by the name of [] Worsley that was wanted for aggravated assault and . . . considered armed and dangerous. Information received also said that this person, [Worsley], was driving around an older-model, black Buick with tinted windows in the area of the 2700 block of North 11th street and the 1200 block of West Oakdale Street.  On November 16th of 2022 these officers

_____

[1] 35 P.S. 780-113(a)(30) and 18 Pa.C.S.A. 6105(a)(1).

were traveling westbound on the 1000 block of West Somerset Street when they observed this older-model, black Buick on the southwest corner with an unknown male working underneath the vehicle. Officers brought up a photo of [Worsley] as well as the warrant, circled the block, and stopped in front of this black Buick where two males were working underneath the hood. Officers shined their flashlights to get a better look and observed [Worsley].

Police exited their vehicle, and the defendant attempted to walk away. Police stopped and detained the offender and asked for his name. [Worsley] gave the name of Raheem Parks. They placed [Worsley] in handcuffs and said, your name is Jabbar Worsley. Officers asked if [Worsley] had a gun on him, he said yes, and [they] recovered [] a black Smith & Wesson M&P 45 caliber firearm with a serial number of HVT1412, loaded with ten live rounds and one in the chamber from [Worsley's] front waistband. Also recovered from [Worsley] were small plastic flip top containers containing alleged crack cocaine from his right jacket pocket. Officers then were able to find [Worsley's] wallet and pulled out his Pennsylvania driver's license, which ha[d] his name, Jabbar Worsley, on it.

The narcotics were placed on Property Receipt 3583876, and the firearm was placed on Property Receipt 3583874. The narcotics were sent to the chemistry lab to be tested and [came back showing] that they were cocaine base and [weighed] 1.614 grams.

***

[Worsley] is prohibited from possessing a firearm[; he has] [] two disqualifying offenses.

Trial Court Opinion, 7/1/25, at 2-3.

On March 27, 2024, Worsley pled guilty to PWID and the firearm violation. On July 1, 2024, the trial court sentenced Worsley to an aggregate term of 5½ to 11 years' incarceration. Worsley filed a post sentence motion, in which he asked the trial court to reconsider his sentence because "more

equitable sentencing alternatives existed in this case." The court denied his motion.

Worsley filed this timely appeal. He and the trial court complied with Appellate Rule 1925.

On appeal, Worsley raises a single issue for our review: Whether [Worsley's] sentence was unduly harsh and excessive. Worsley's Brief at 7.

Worsley challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Instead, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Worsley complied with the first and third requirements under *Colon*. However, he failed to satisfy the second requirement because he did not preserve the specific sentencing issue he raises on appeal.

"Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (citing ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273-74 (Pa. Super. 2006)); Pa.R.Crim.P. 720(A)(1). Additionally, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Here, Worsley filed a post-sentence motion. Therein, he only claimed that there "were more equitable sentencing alternatives" available in his case. Critically, in his Rule 2119(f) statement, Worsley now claims for the first time on appeal that his sentence was manifestly excessive because the trial court failed to consider his rehabilitative needs and various mitigating factors, including his troublesome childhood and mental health. Worsley's Brief at 11-12. Because he did not raise this issue in his post-sentence motion, he did not preserve it for our review. Thus, Worsley waived his sentencing claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/3/2026