J-S65035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERICA LYNN ROSKOS, | |
| Appellant | No. 318 WDA 2016 |

Appeal from the Judgment of Sentence February 1, 2016
in the Court of Common Pleas of Mercer County
Criminal Division at No.: CP-43-CR-0000338-2015

BEFORE: LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 22, 2016**

Appellant, Erica Lynn Roskos, appeals from the judgment of sentence imposed following her negotiated open guilty plea to one count of burglary. She claims her sentence was excessive. We affirm.

On December 23, 2015, Appellant entered a counseled, negotiated open guilty plea to one count of burglary, a felony of the first degree. There was no dispute that the standard range for sentencing was twenty-four to thirty-six months of incarceration, plus or minus twelve months for the mitigated and aggravated ranges, respectively. (**See** N.T. Sentencing, 2/01/16, at 9). In exchange for the guilty plea, the Commonwealth agreed

_____

[*] Retired Senior Judge assigned to the Superior Court.

to *nolle pros* **twelve** related charges, as well as all of the charges in Appellant's criminal case at Mercer County Docket No. 164 CR 2015.1 A.[1]

On February 1, 2016, the court imposed a sentence of not less than five nor more than fifteen years of incarceration in a state correctional institution, with 410 days credit for time served, plus restitution on all counts.[2]  (**See id.** at 51, 67).  The sentencing court noted on the record, *inter alia*, that it had reviewed the presentence investigation report (PSI) and that the sentence was outside of the guidelines.  (**See id.** at 48; 68).

Appellant timely filed a motion to modify sentence, which was confined exclusively to the claim that her sentence exceeded the aggravated range of the guidelines.  The court denied Appellant's motion.  (**See** Order, 2/09/16).  This timely appeal followed.  (**See** Notice of Appeal, 2/26/16).

Appellant timely filed a court-ordered concise statement of errors. (**See** Statement of Issues Complained of on Appeal, 3/08/16); **see also** Pa.R.A.P. 1925(b).  The court filed its opinion on April 4, 2016.  (**See** 1925 Opinion, 4/04/16); **see also** Pa.R.A.P. 1925(a).

---

[1]  The charges that were *nolle prossed* at 164 CR 2015 included three counts of burglary, 18 Pa.C.S.A. § 3502(a)(2); three counts of theft by unlawful taking or disposition, 18 Pa.C.S.A. § 3921(a); three counts of receiving stolen property, 18 Pa.C.S.A. § 3925(a); and two counts of criminal conspiracy - burglary, 18 Pa.C.S.A. § 903(a)(1), (2).

[2] The court also found that Appellant was RRRI eligible, with an RRRI eligible sentence of fifty months to fifteen years' incarceration, also with 410 days of credit for time served.  (**See** N.T. Sentencing, at 67-68).

Appellant raises one question for our review:

1. Whether the [t]rial [c]ourt abused its discretion in giving the Appellant a sentence far outside of the recommended sentence guidelines?

(Appellant's Brief, at 5).

Our standard of review for a challenge to the discretionary aspects of a sentence is well-settled.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted). Additionally, our review of the discretionary aspects of a sentence is limited by 42 Pa.C.S.A. §§ 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

In reviewing the record, we consider the following factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

The right to appeal the discretionary aspects of a sentence is not absolute. When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." [ ] (quoting **Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*), *appeal denied,* 563 Pa. 672, 759 A.2d 920 (2000)) (emphasis in original).

**Shugars**, **supra** at 1274 (some citations and internal quotation marks omitted).

Preliminarily, we conclude that Appellant's supplementary claim that the sentencing court failed to state sufficient reasons for the sentence on the

record is waived. Appellant did not raise this issue until filing her Rule 1925(b) statement of errors. (**See** Statement of Issues Complained of on Appeal, 3/08/16). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

> [I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. This failure is not cured by submitting the challenge in a Rule 1925(b) statement.

**Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa. Super. 2003) (citations and internal quotation marks omitted).[3]

Next, we consider whether Appellant has raised a substantial question. Appellant filed a timely motion to modify sentence. (**See** Motion to Modify Sentence, 2/09/16). Notably, however, the only reason presented in the motion was that the imposed sentence exceeded "both the standard range and aggravated range of sentencing recommend by the Pennsylvania standard sentencing guidelines." (**Id.** at ¶ 3).

This Court has accepted a contention that the sentencing court abused its discretion and imposed an excessive sentence by sentencing outside the aggravated range of the sentencing guidelines **and** ignoring mitigating factors as presenting a substantial question for our review. **See**

---

[3] Moreover, Appellant's claim would fail on the merits. The trial court explained the reasons for its sentence in painstaking detail. (**See** N.T. Sentencing, at 48-60).

- 5 -

***Commonwealth v. Bowen***, 55 A.3d 1254, 1263 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013).

Here, Appellant does not claim that the court ignored mitigating factors. Nevertheless, we will give her the benefit of the doubt and treat her Rule 2119(f) statement as raising a substantial question. Accordingly, we will review Appellant's claim on the merits.

However, Appellant's claim does not merit relief. The only substantive argument Appellant raises on appeal in support of her claim is that the sentencing court did not provide sufficient reasons on the record to support an upward deviation from the Sentencing Guidelines by twelve months. (***See*** Appellant's Brief, at 8; ***see also id.*** at 7-11).

As already noted, Appellant waived this claim. (***See supra*** at 5). Moreover, in addition to being waived, the claim is transparently belied by the record. First, as previously noted, the sentencing court confirmed on the record that it had the benefit of, and considered, a PSI. (***See*** Trial Ct. Op., at 4; N.T. Sentencing, at 7). "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura,*** 975 A.2d 1128, 1135 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009).

Secondly, the sentencing court also expressly noted Appellant's prior record score of two and offense gravity score of nine. (*See* Trial Ct. Op., at 3). The court took note of Appellant's six previous adult arrests and four convictions. (*See id.* at 4). The court was mindful that Appellant fled the jurisdiction (to Georgia) in an attempt to avoid prosecution. (*See id.* at 5).

The court also considered various impact statements from the victims and observed that Appellant and her accomplice often burglarized people they knew, friends and family, including a juvenile who was at home during one of the burglaries.

Appellant disputes, but fails to develop an argument, or convincingly refute, the sentencing court's conclusion that she exhibited "a sparseness of remorse." (N.T. Sentencing, at 50). She notes two apology letters and faults the sentencing court for disregarding them. (*See* Appellant's Brief, at 10).

Appellant misapprehends our standard of review, which reviews the sentence for an abuse of discretion or error of law. We do not re-weigh the evidence presented to the sentencing court and render a new decision. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.  ***See Shugars***, ***supra*** at 1275.

Finally, Appellant challenges the propriety of the trial court judge's discussion of his personal experience as a victim of burglary.  (***See*** Appellant's Brief, at 11).  Initially, we note that Appellant concedes counsel failed to make a timely objection at the sentencing hearing (or in the post-sentence motion).  Therefore, Appellant has waived this claim.

Moreover, while the claim would appear to be an implicit assertion of bias, Appellant fails to develop an argument in support of this contention, or offer any authority whatsoever in support of it.  Appellant's argument would be waived for that reason as well.  ***See*** Pa.R.A.P. 2119(a), (b).

Thirdly, Appellant has failed to reference where in the record the judge's comments occurred.  ***See*** Pa.R.A.P. 2119(c);[4] (***see also*** Appellant's Brief, at 11; N.T. Sentencing, at 55-56).  It is not the role of this Court to develop an argument for a litigant, or to scour the record to find evidence to

---

[4] In pertinent part, Rule 2119 provides:

> **(c) Reference to record.**  If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (***see*** Pa.R.A.P. 2132).

Pa.R.A.P. 2119(c).

support an argument. *See **J.J. DeLuca Co. v. Toll Naval Associates**, 56 A.3d 402, 411 (Pa. Super. 2012).

On independent review, it is abundantly clear from context as well as the judge's direct statements that he was not "consider[ing his] own experience as a victim of burglary as a reason to sentence the Appellant outside of the aggravated range." (Appellant's Brief, at 11).

To the contrary, the sentencing judge was responding to frustrations voiced by the victims at the various delays in this case (including but not limited to Appellant's previous entry, withdrawal and re-entry of a guilty plea). The judge's comments were an offer of empathy, not a display of bias.

Here, on independent review, we discern no basis to disturb the sentence of the court. The trial court properly sentenced Appellant. There is no abuse of discretion.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/22/2016

- 9 -