**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRACY ADAMS | |
| Appellant | No. 1139 EDA 2016 |

Appeal from the Judgment of Sentence imposed February 23, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0007733-2015

BEFORE:  PANELLA, STABILE, and PLATT,* JJ.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 12, 2018**

Appellant, Tracy Adams, appeals from the judgment of sentence imposed on February 23, 2016, in the Court of Common Pleas of Philadelphia County following her entry of a no contest plea to charges of indecent assault, stalking and harassment.[1]  Appellant contends the trial court abused its discretion by imposing a sentence beyond the aggravated sentencing guidelines.  Finding no abuse of discretion, we affirm.

The trial court summarized the underlying facts as follows:

In February 2015, Appellant, a 40-year-old female, and Complainant, a 21-year old female, were both incarcerated at Kintock Community Corrections Center.  On February 24, 2015,

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3126, 2709.1, and 2709(a), respectively.

Complainant told authorities that she had been harassed by Appellant. On February 20, Complainant was on an approved social pass, used heroin, and came back to Kintock Community Corrections Center high. Complainant was unable to stand or walk for most of the weekend because of her withdrawal from heroin. On February 20, 2015, while Complainant was in the bathroom dealing with her withdrawal, Appellant came into the bathroom and kissed Complainant with an open mouth. Throughout that weekend, Appellant sat in (*sic*) the Complainant's bed and rubbed her entire body including her chest and buttocks, under the guise of caring for Complainant, even after Complainant told her to stop numerous times.

Trial Court Rule 1925(a) Opinion, 10/31/16, at 2.

Following entry of Appellant's *nolo contendere* plea, the trial court ordered a pre-sentence investigation. With the benefit of that report, on February 23, 2016, the trial court sentenced Appellant to an aggregate sentence of two to five years in prison followed by three years of sex offender probation.[2]

On March 2, 2016, Appellant filed a post-sentence motion requesting reconsideration of the sentence. On March 14, the trial court denied the motion without a hearing. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents a single issue for our consideration:

---

[2] "Where a pre-sentence report exists, we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted).

1. Did the trial court abuse its discretion in sentencing [] Appellant above the aggravated range without sufficient aggravating factors and above what the [C]ommonwealth requested after a plea of no contest?

Appellant's Brief at 3.[3]

As this Court recently reiterated:

[I]t is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)).

***Commonwealth v. Barnes***, 167 A.3d 110, 122 (Pa. Super. 2017).

---

[3] The Commonwealth requested a state sentence of two to four years in prison, which was also above the guidelines of six to sixteen months, plus or minus three. Notes of Testimony ("N.T."), Sentencing, 2/23/16, at 2, 7-9.

Here, Appellant filed a timely notice of appeal, preserved the issue in a motion to reconsider, and included a statement in accordance with Pa.R.A.P. 2119(f). Therefore, she has satisfied the first three requirements. We must determine whether she has satisfied the fourth by raising a substantial question that the sentence is not appropriate under the Sentencing Code.

Appellant contends the trial court "relied on impermissible and inaccurate factors in determining the appropriate sentence." Appellant's Brief, Pa.R.A.P 2119(f) Statement, at 6. She contends that "reliance on impermissible and inaccurate factors always creates a substantial question as to the appropriateness of a sentence." *Id.* (citing **Commonwealth v. Shugars**, 895 A.2d 1270 (Pa. Super. 2006)). In **Shugars**, this Court held that a claim the trial court relied on "impermissible factors" does raise a substantial question. *Id.* at 1274 (citations omitted). Therefore, we shall consider Appellant's claim, mindful that "the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion." **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007). We recognize that the sentencing guidelines are merely advisory; they "have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors." *Id.* at 964-65. Further, we are to exercise our judgment "in reviewing a sentence outside the sentencing guidelines to assess whether the sentencing court imposed a sentence that is 'unreasonable.'" *Id.* at 963 (citing 42 Pa.C.S.A. § 9871(c), (d)).

Appellant argues that in sentencing Appellant above the aggravated range,

> the lower court demonstratively explained that Appellant was not fit to be a mother and be around her son. It was clear not only by the [c]ourt's demeanor but words that it was directly punishing Appellant for her prior conduct even though the prior record score and the relevant guidelines had already taken that crime into consideration when she was to be sentenced on the current matter. [] Appellant argues that this was unfairly punitive and improper conduct from the lower court.

Appellant's Brief at 7 (citing N.T., Sentencing, 2/23/16, at 13).

At sentencing, Appellant's counsel explained "with all candor, this was a no contest plea really for one reason and one reason alone. As the Commonwealth pointed out in the sentencing memorandum, this was a potential Megan's Law second strike of 25 years." N.T., Sentencing, 2/23/16, at 4.[4] Appellant explained to the trial court that being incarcerated had been a humbling experience but she considered everything to be a learning experience. *Id.* at 10. She stated she remained "positive and focused" and that she has an 11-year-old son who was five when she "left." *Id.* She indicated her goal "has always been and still is to get home to him so that [she] can be the mother that he truly deserved." *Id.* at 10-11. She concluded by stating to the trial court that she would continue to work hard and "will also humbly take whatever time that you feel necessary to take advantage of the

---

[4] Appellant previously pled guilty to rape of a child and received a sentence of four to eight years in prison for that offense.

time so that I can continue bettering myself so that I can be better for my child." *Id.* at 11.

The trial court, having already moved into evidence the Commonwealth's sentencing memorandum and the pre-sentence investigation report, then imposed its sentence and announced its reasons for going above the guidelines, stating:

Number one, a lack of acceptance of responsibility.

Number two, the fact that this was a vulnerable victim who not only was incarcerated and couldn't get away from you, but was also actively going through withdrawal on heroin trying to get her life together and then this happened.

Number three, this is your second Megan's law – or excuse me – second sexual offense.

And four, this was a case that called for a 25-year sentence. And the legislature has deemed this kind of offense, when you have your kind of history, that significant. And I don't know that there are any words that I could say to you right now to stress how important it is for you to get your life in order. Because you are not fit – if this is the kind of behavior that you're going to exhibit in society or not in society with people who are at the most vulnerable place in their life, you know, you're going to have a real problem. And you are not fit to walk among the rest of us. You are not fit to be around your son. And you are not fit to be around his friends or anyone else who is in a similar sort of situation where they're vulnerable.

*Id.* at 12-13.

Based on our review of the record, we cannot say the sentence imposed by the trial court was unreasonable. The trial court stated its reasons for going above the guidelines on the record, complying with the mandate of the Sentencing Code to provide a contemporaneous statement of the reasons for

deviating from the guidelines. 42 Pa.C.S.A. § 9721. We reject Appellant's assertion that "the court seemed to completely focus on the factual basis of the previous conviction including calling [into] questions the maternal capabilities of Appellant." Appellant's Brief at 8 (citing N.T., Sentencing, 2/23/16, at 13). As illustrated in the excerpt from the sentencing hearing, the trial court stated reasons for the sentence that were unrelated to any "maternal capabilities." Further, as the Commonwealth observed, when the trial court did address Appellant's "maternal capabilities," it was responding to Appellant's comments on wanting to be the mother her son deserved. Commonwealth Brief, at 8 n.1. In doing so, the trial court was addressing the need to protect the safety of the community, including her son and his friends who are part of the community. *Id.* at 8 (citing **Walls**, 926 A.2d at 962) ("Sentencing Code offers general standards with respect to the imposition of sentence which require the sentencing court to impose a sentence that is 'consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.' 42 Pa.C.S. § 9721(b).").

We find no abuse of discretion on the part of the trial court in sentencing Appellant above the guidelines.[5]  Therefore, we shall affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/12/18</u>

---

[5] Appellant also complains that the trial court abused its discretion by refusing to conduct a hearing on her motion for reconsideration.  Appellant's Brief at 7.  However, the reasons offered in support of her motion, *i.e.*, that the sentence was greater than that requested by the Commonwealth, that the sentence was imposed after a non-trial disposition, and that the trial court "rendered a highly punitive sentence that seemed to be centered on [Appellant's] one previous conviction," were all matters known to the court at sentencing.  *See* Appellant's Motion to Reconsider Sentence or Withdraw No Contest Plea, 3/2/16, at 1-2 (unnumbered) and N.T., Sentencing, 2/23/16, at 4-11.  We find no merit in her contention that the trial court abused its discretion in denying the motion without a hearing.  ***See, e.g., Moore v. Moore***, 634 A.2d 163, 167 (Pa. 1993) ("Since a motion for reconsideration is addressed to the sound discretion of the trial court, the trial court is obviously in the best position to decide if additional testimony, briefs or argument are necessary to the court in reassessing its original order.").