J-S04037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS COLON | : | |
| | : | |
| Appellant | : | No. 776 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 30, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005396-2019

BEFORE: MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED MARCH 02, 2023**

Louis Colon (Colon) appeals the judgment of sentence entered by the Court of Common Pleas of Philadelphia County (trial court). In 2021, following a jury trial, Colon was found guilty of sex crimes against his former girlfriend's minor daughter, E.M. He was sentenced to an aggregate prison term of 20 to 40 years. In this appeal, Colon now argues that the sentence should be overturned because it is excessive and the trial court failed to consider his mitigation and rehabilitative needs. We affirm.

The sexual abuse in this case spanned a period of several years beginning in 2013 when E.M. was about 11 years old. At that time, Colon was the boyfriend of E.M.'s mother. E.M. testified that Colon raped her on at least

_____

[*] Retired Senior Judge assigned to the Superior Court.

seven different occasions. She described several of the incidents in detail and recounted how Colon had threatened her and her family if she reported his crimes to anyone.

It was not until 2019 that E.M. told her aunt what had happened. Soon after that, E.M. and her aunt completed a police report. Colon was arrested and charged with rape and related offenses. In 2021, a jury found Colon guilty of one count each of rape of a child (18 Pa.C.S. § 3121(C)); rape by forcible compulsion (18 Pa.C.S. §3121(A)(1)); endangering the welfare of a child (18 Pa.C.S. § 4304(A)(1)); and unlawful contact with a minor (18 Pa.C.S. § 6318(A)(1)). A presentence investigation report (PSI) was prepared in advance of the sentencing hearing.

At the sentencing hearing, E.M. testified and recounted how Colon's conduct had physically and emotionally affected her in countless ways. She asked the trial court to impose a harsh sentence. The defense, in turn, presented evidence as to Colon's difficult childhood, especially his own history of being sexually abused as a child. The defense further submitted evidence that Colon suffers from learning disabilities and behavior disorders such as depression and bipolar disorder.

The trial court sentenced Colon to a prison term of 10 to 20 years on the rape count; 5 to 10 years as to the count of rape by forcible compulsion; and 5 to 10 years as to the count of unlawful contact with a minor. No further penalty was imposed as to the count of endangering the welfare of a child.

The sentences as to each count were all made consecutive to each other, resulting in a total prison term of 20 to 40 years. All sentences were within the standard guidelines ranges.

Colon timely filed a post-sentence motion, contending that the sentence was excessive and imposed without regard for his mitigating circumstances. The motion was denied after a hearing, and Colon then filed a timely appeal. The trial court submitted an opinion giving its reasons why the judgment of sentence should be upheld. *See* Trial Court Opinion, 6/21/2022, at 5-8.

In his brief, Colon now argues that the trial court violated the Sentencing Code[1] by focusing exclusively on the impact of the victim and ignoring Colon's mitigating evidence and rehabilitative needs. Since Colon's claims concern discretionary aspects of his sentence, which are not appealable as of right, we must at the outset address whether our jurisdiction has been properly invoked. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265-66 (Pa. Super. 2014).

In order to invoke this Court's jurisdiction to review such claims, an appellant must satisfy a four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the [appellant's brief] set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

---

[1] 42 Pa.C.S. § 9721(b).

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

A substantial question concerns whether the sentence imposed is (1) appropriate under the Sentencing Code or (2) otherwise contrary to the fundamental norms which underlie the sentencing process. *See Commonwealth v. Bullock*, 948 A.2d 818, 826 n.6 (Pa. Super. 2008). An appellant may raise a substantial question by asserting that the trial court imposed solely on the seriousness of the offense or failed to consider mitigating sentencing factors. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009).

In the present case, Colon has properly invoked this Court's jurisdiction as to his claim that he received a manifestly excessive sentence due to the trial court's failure to consider mitigating factors. This issue is preserved for appellate review because Colon raised it in a post-sentence motion, he timely filed a notice of appeal, and there are no defects in his brief. Moreover, a substantial question has been raised. *See id.*

Having determined that we have jurisdiction, we now turn to the merits of Colon's sentencing claims. Sentencing is a matter vested in the sound discretion of the sentencing judge, and we will not disturb a sentence on appeal absent a manifest abuse of discretion. *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006). In this context, "the appellant must establish, by reference to the record, that the sentencing court ignored or

misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.* (quoting *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006)).

Additionally, since the trial court sentenced Colon to terms within the standard ranges of the guidelines, we may only vacate the sentence if we find that "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2).

When imposing sentence, "the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant[.]" *Commonwealth v. Coulverson*, 34 A.3d 135, 144 (Pa. Super. 2011) (citing *Id.* at 847-48). Weighing these factors is within the province of the sentencing court, and an appellate court may not substitute its own judgment for that of the trial court. *Commonwealth v. Bowen*, 975 A.2d 1120, 1123–24 (Pa. Super. 2009).

"Where the sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citations and internal quotation marks omitted).

In the present case, Colon received a sentence that was within the standard range of the sentencing guidelines and we find no abuse of discretion on the part of the trial court. The mitigation evidence Colon refers to was included in the PSI, so we must assume that the trial court was aware of that information. **See Moury**, 992 A.2d at 171. The trial court's decision to run the sentences consecutively was within its discretion and not excessive, especially in light of the nature of the offenses committed against the victim.

Although Colon asserts that the trial court failed to consider the mitigating factors when imposing sentence, the trial court specifically referred to the PSI at sentencing, including details of Colon's personal history which he now claims were overlooked. **See** Sentencing Transcript, 10/30/2021, at 17-18. The presumption that the trial court considered all relevant factors has, therefore, not been overcome. Thus, finding no merit in Colon's appellate claims, we conclude that the judgment of sentence must stand.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/2/2023*