J-A05008-23

**ON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :   IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v.                   :
:
:
MARGARET HACHLAF BERINGER, JR.   :
:
Appellant       :    No. 1591 EDA 2022

Appeal from the Judgment of Sentence Entered March 14, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005408-2020

BEFORE: LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:         **FILED APRIL 26, 2023**

Margaret Hachlaf Beringer, Jr., appeals from the judgment of sentence entered in the Court of Common Pleas of Bucks County. We affirm.

Beringer entered an open guilty plea to one count each of drug delivery resulting in death,[1] a felony of the first degree, and involuntary

---

[1] 18 Pa.C.S.A. § 2506. Section 2506(a) provides:

> A person commits a felony of the first degree if the person intentionally administers, dispenses, delivers, gives, prescribes, sells or distributes any controlled substance or counterfeit controlled substance in violation of section 13(a)(14) or (30) of the act of April 14, 1972 (P.L. 233, No. 64),1 known as The Controlled Substance, Drug, Device and Cosmetic Act, and another person dies as a result of using the substance.

manslaughter,[2] a misdemeanor of the first degree.  The trial court summarized the facts of this case as follows:

> [Beringer] and the victim had a friendly relationship.  However, their relationship centered around drug use.  On May 31, 2018, the victim contacted [Beringer], and told her she was "dope sick."[3]  The victim requested that [Beringer] obtain heroin for her.  Despite the "close" relationship the pair had, [Beringer] had never been to the [Warminster, Bucks County] residence of the victim.  The two exchanged messages about "the fire" or potency of the drugs [Beringer] was to obtain in Philadelphia.  [Beringer] provided the victim with 14 blue bags containing suspected heroin and needles.  The victim paid for the items.  The drugs were used by the victim, in [Beringer's] presence; [Beringer] subsequently left, leaving the [victim's] 7-month-old child attended only by her intoxicated mother.  Lab results confirmed the following:  11 bags stamped Hellcat were positive for fentanyl; 3 syringes were positive for heroin and fentanyl; 4 bags stamped Hellcat were positive for fentanyl; 4 bags stamped Santa Muerte were positive for heroin and fentanyl; and a silver metal-lid was positive for heron and fentanyl. . . . [Beringer] confirmed she had delivered drugs to the victim on the day she died.

Trial Court Opinion, 10/21/22, at 2.

At the guilty plea colloquy, Beringer acknowledged she faced a maximum term of 45 years' imprisonment.  *See* N.T. Guilty Plea Colloquy, 9/21/21, at 13-16.[4]  On March 14, 2022, the court held a sentencing hearing,

---

[2] 18 Pa.C.S.A. § 2504(a).

[3] Beringer confirmed this meant the victim was sick from withdrawal from heroin.  *See* N.T. Sentencing Hearing, 3/14/22, at 40.

[4] A person convicted of drug delivery resulting in death under section 2506(a) of the Crimes Code "shall be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years."  18 Pa.C.S.A. § 2506(b).  A person convicted of involuntary manslaughter, a misdemeanor of the first
*(Footnote Continued Next Page)*

at the conclusion of which the Honorable Raymond F. McHugh sentenced Beringer to three to six years' imprisonment.  **See** N.T. Sentencing Hearing, 3/14/22, at 58-59.[5]  On March 23, 2022, Beringer filed a motion for reconsideration of her below-mitigated-range sentence.  On May 19, 2022, Judge McHugh held a hearing on that motion and, thereafter, denied relief.

On June 17, 2022, Beringer filed this timely appeal.  Both Beringer and Judge McHugh have complied with Pa.R.A.P. 1925.  Beringer raises one issue for our review:  "Did the trial court abuse its discretion in sentencing [Beringer] by imposing a manifestly excessive sentence and failing to consider all relevant factors?"  Appellant's Brief, at 8.  Beringer's claim on appeal challenges the discretionary aspects of her sentence.

> Challenges to the discretionary aspects of sentence are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a

---

degree, is subject to a maximum sentence of no more than five years.  **See** 18 Pa.C.S.A. § 2504(b) ("Involuntary manslaughter is a misdemeanor of the first degree.");  **id.** at § 106(b)(6) ("A crime is a misdemeanor of the first degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than five years.").

[5] The court sentenced Beringer below the mitigated range of the Sentencing Guidelines, which defense counsel acknowledged at the reconsideration of sentence hearing.  **See** N.T. Reconsideration of Sentence Hearing, 5/19/22, at 31-32.

substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[A.] § 9781(b), or sentencing norms.

*Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022) (citations omitted).

Here, Beringer filed a post-sentence motion for reconsideration and a timely notice of appeal, and she has included a Rule 2119(f) statement in her brief.[6]  In her Rule 2119(f) statement, Beringer contends the sentencing court "failed to consider all relevant factors such as  [Beringer's] family history, age, or rehabilitative needs."  *See* Appellant's Brief, at 10-11.  She also contends the sentence imposed was "manifestly excessive and unreasonable."  *Id.* at 11.

We conclude Beringer has raised a substantial question. *See Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016) (substantial question raised where appellant claimed court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [a]ppellant, as [section] 9721(b) requires") (citation omitted). *See also Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (holding "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question."); *Commonwealth v.*

---

[6]  "If the defendant files a timely post-sentence motion, the notice of appeal shall be filed . . . within 30 days of the entry of the order deciding the motion[.]" Pa.R.Crim.P. 720(A)(2)(a).

***Dodge***, 77 A.3d 1263, 1273 (Pa. Super. 2013) (claim sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence" presented substantial question). Thus, we grant Beringer's petition for allowance of appeal and address the merits of her claim.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

After a comprehensive review, we conclude that the record belies Beringer's claim that the sentencing court failed to consider her rehabilitative needs. The record reflects that Judge McHugh considered the circumstances surrounding this drug delivery, as well as Beringer's troubled family history, her struggles with addiction, her lack of a prior record, and her admirable efforts at rehabilitation. ***See*** N.T. Sentencing Hearing, ***supra*** at 56-60. Judge McHugh stated the following on the record:

Any time I impose a criminal sentence[,] I'm required to consider the sentencing guidelines, and those guidelines in this case for drug delivery resulting in death in the mitigation range are four years, in the standard range, five to six-and-a-half years, and in the aggravated range[,] nine-and-a-half years. I also need to consider defendant's criminal history, and I note that she has a prior record score of zero, and that [is] what I will consider. I have to consider the gravity of the offense as it relates to the impact on the life of the victim and the community. I do so,

obviously, in this case. There's a person who is deceased, and I have letters from her family requesting me to impose the maximum sentence in this case, which is not unusual for a [] family member of a victim to request that. I consider the statute here, and I consider the fact that Ms. Beringer did what she did at the request of the victim. She was contacted, she was asked to go get this. This isn't somebody that's driving around with an inventory of drugs in their car[.] She was specifically asked to get this, and she specifically got what she was asked to get. Nonetheless, that provision of those drugs led to the death of the victim, and that's why we're here. And I have to consider what's appropriate in considering all those factors[.] **I'm very impressed by the rehabilitative treatment that the defendant has already received, all I hear from everyone who is here, and I was very impressed with the people from Sacred Heart [Recovery Residence] who came, and I do believe their testimony[;] I think they were very credible. I think that Ms. Beringer is very dedicated to sobriety, she obviously has some issues, but she's working hard, and I think that I heard from the defense she just doesn't stop. She's just not going to be defeated, she's going to continue to get treatment until she's living a sober life. And I consider all that.** And I consider the circumstances of the crime and the history, character[,] and condition of the defendant.

*Id.* at 56-58 (emphasis added). Subsequently, at the hearing on Beringer's motion for reconsideration of sentence, Judge McHugh heard additional testimony from several character witnesses, all of whom praised Beringer's empathy, her positive outlook, and her commitment to helping others experiencing homelessness or addiction. N.T. Reconsideration of Sentence Hearing, *supra* at 5-24. In particular, the court heard testimony from Renata Hill, the residential services coordinator at Project Home Sacred Heart, where Beringer intends to return after serving her sentence. Hill, who also testified at sentencing, stated:

> [W]e will continue to support [Beringer] once she does return, and [it] doesn't matter when, but we will have an open door for her. [Beringer] is to understand—and we had this conversation—that we will create a structure for her that is a lot stricter than what we have in place right now, you know, in order for her to continue to reside there. She, for the most part, even in the past, when we had to enforce or—you know, reduce her time outside, she was willing and okay with that, followed rules and protocols with no problem. [Beringer] takes a lot of accountability. . . . I believe she can rehabilitate better in a structured environment such as Sacred Heart.

N.T. Reconsideration of Sentence Hearing, **supra** at 19-20, 23.

The record reflects that the sentencing court was acutely aware of Beringer's rehabilitative needs and took those needs into account when imposing sentence. Notably, at the hearing on reconsideration, defense counsel acknowledged as much. **See id.** at 31 (defense counsel stating: "Judge, **I certainly think you considered it**, [h]owever, we did receive additional treatment letters and have contacted people who wanted to come up and testify that didn't the first time[.]") (emphasis added). The court, however, as it is required, also considered the gravity of the offense, and its sentence reflects those considerations. **See id.** at 30 (Judge McHugh stating: "No matter how much treatment, no matter what her rehabilitative needs are, she's responsible for the death of another human being."); **see also** 42 Pa.C.S.A. § 9721(b) ("[T]he court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."). There

is no requirement that a sentencing court elevate consideration of rehabilitative needs over that of the gravity of the offense.

In light of the foregoing, we find no abuse of discretion. ***Shugars***, ***supra***. Accordingly, we affirm Beringer's judgment of sentence.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2023